Lake Shore and Michigan Southern Railway Co.

*v.*

William R. Conway.

Opinion filed November 1, 1897—Rehearing denied December 8, 1897.

1. Appeals and errors—*one cannot complain of opponent's instruction of the same character as his own.* One cannot complain of his opponent's instruction where he had himself asked and procured to be given one of the same character.

2. Master and servant—*servant not required to inspect appliances not connected with his employment.* One employed as tower-man by a railroad company, to raise and lower gates at a crossing, is not required to inspect the tracks passing the tower to see if they are in a safe condition so that trains will not be thrown off, but may rely upon the master having performed that duty.

*L. S. & M. S. Ry. Co.* v. *Conway*, 67 Ill. App. 155, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. G. Neeley, Judge, presiding.

This was an action brought by William R. Conway, against the Lake Shore and Michigan Southern Railway Company, to recover for an injury received on November 22, 1892, at Twenty-first street, in Chicago. At that street crossing the defendant maintained gates which were operated from a tower-house situated near the north-west corner of the intersection of the tracks of the defendant with the street, and just west of the westernmost of the tracks. The plaintiff was in the employ of the defendant, and he operated the gates from the tower-house. He was in the tower-house when he received the injury. He worked from 5:30 P. M. to 7 A. M. each day. The defendant had two side-tracks and two main tracks at Twenty-first street at the time of the accident. The westernmost of these tracks stood next to and at the foot of the tower-house. This was only a side-track, and a short one at that. On this side-track, at a quarter past

one o'clock in the morning, or thereabouts, an engine with one car attached came from the south. The engine was headed south. The car was in the rear of the engine and the engine backed the car north over Twenty-first street. In going over Twenty-first street the north pair of wheels of the car left the side-track while the south pair of wheels on the same car remained on the track, as did also the engine. The derailment occurred after the car had passed over the line of the south sidewalk of Twenty-first street and was half way over the distance of the width of the street. The car derailed was moving three or four miles an hour. It was a box car. It moved only nine or ten feet after the derailment, but it struck the tower-house occupied by plaintiff, turning it over, and in the crash plaintiff was severely injured.

The declaration contained but one count. The negligence charged in the declaration in substance was, that defendant carelessly, negligently and improperly managed the said railroad; that by and through the carelessness and negligence and improper conduct of the defendant, the track of said railroad on which said train was then and there running, at and near to said crossing, was suffered and permitted to be and remain out of repair and dangerous for the running of trains thereon; that defendant so carelessly, negligently and improperly managed, operated and conducted said train that by and through such carelessness, negligence and improper conduct said train was insufficiently and improperly manned and lighted, and by and through and by reason of the carelessness, negligence and improper conduct aforesaid, one of the cars of said train jumped the track and ran with great force and violence to, upon and against the support of the said tower-house in which the said plaintiff was engaged in the pursuit of his employment, and by running against the same caused said tower-house to fall a great distance, threw over a stove, and plaintiff was injured, etc.

To the declaration the defendant pleaded the general issue, and on a trial before a jury the plaintiff obtained a verdict for $9000, upon which the court entered judgment. The defendant appealed to the Appellate Court, where the judgment was affirmed.

William McFadon, for appellant.

Sullivan & McArdle, for appellee.

Mr. Justice Craig delivered the opinion of the court:

Upon request of the plaintiff the court gave to the jury two instructions, both of which are claimed to be erroneous.

Numerous objections have been urged against plaintiff's first instruction, but we have not the time, nor would it serve any useful purpose, to follow counsel in his extended argument in reference to the instruction. We do not regard the instruction as entirely free from criticism, but we do not think that it contains anything calculated to mislead the jury. In the first part of the instruction the jury were directed that if they believed, from the evidence, that the defendant was guilty of negligence as charged in the declaration, and the plaintiff, while in the exercise of due care and caution for his own safety, sustained, by reason of such negligence, the injuries charged in the declaration, or any of them, then the jury might assess damages against defendant. One of the charges in the declaration was, that the train of cars was improperly manned, and it is said, as there was no evidence of that fact before the jury the instruction was erroneous in referring that question to the jury for their consideration. Upon an examination of the evidence it will be found that there was evidence of negligence in manning and lighting the train. Moreover, defendant cannot complain of the error, if error it was, because it caused a similar instruction to be given. In defendant's fourth instruction

the jury were informed that "plaintiff is limited and confined to the charges of negligence alleged in his declaration, and that unless the jury believe, from the evidence, that the defendant is guilty of negligence as alleged by the plaintiff in his declaration, then the verdict of the jury should be for the defendant in this case." The rule is well settled that a defendant cannot complain of an instruction given for the plaintiff when he himself asks and procures to be given one of the same character. *Chicago and Alton Railroad Co.* v. *Sanders,* 154 Ill. 531.

But it is said, that under clause 7 of the first instruction the plaintiff was not only allowed to recover for loss of time and employment which it was reasonably certain he would suffer, but also to recover for loss of time and employment he was reasonably likely to suffer. In a case of this character it may be laid down as a general rule that the alleged permanent disability, in order to be a ground for damages, must be one that is reasonably certain to result from the injury complained of. (Hutchinson on Carriers, (2d ed.) 805, 806; 2 Shearman & Redfield on Negligence, sec. 743; *Hardy* v. *Milwaukee Street Railway Co.* 61 N. W. Rep. 772; *Sweet* v. *Railway Co.* 61 Wis. 536.) But upon an inspection of the instruction it will be found that the rule indicated was not infringed upon or violated. The seventh clause of the instruction reads as follows:

"If the jury believe, from the evidence, that any portion or portions, feature or features, of the plaintiff's maladies resulting from the injury aforesaid is or are permanent, the jury may consider such permanent malady or maladies, and such detriment as they may believe, from the evidence, naturally, probably and reasonably may result therefrom to the plaintiff in his person and health and ability to labor, and having considered these elements, fix the plaintiff's damages at such sum as the jury may believe, from the evidence, is necessary to adequately, fairly and justly compensate the plaintiff for the loss which the jury believe, from the evidence, is the direct,

natural, probable and proximate result or consequence of the injury aforesaid; but the jury, in the assessment of damages, must take into consideration only such elements of claimed damages or injuries as they believe are established by the evidence in the case."

If the last part of the above clause had been omitted there might be ground for complaint. But the concluding direction is so clear and emphatic that the jury should not consider any element of damage unless such damages were established by the evidence, we do not think the jury could have been misled.

The second instruction complained of was as follows:

"The court instructs the jury that the plaintiff had a right to rely upon the defendant and its servants performing their duty with due care and caution, and was not obliged to investigate or inspect any part of the defendant's property, except such as pertained to or was connected with his own employment by the defendant."

Appellee was employed by appellant in the capacity of tower-man. His business was to lower and raise gates by machinery. His duty required him to look and observe the approach of all trains toward the crossing and of all passengers on the highway, and by a proper operation of the gates protect the traveling public on the highway and the different trains on the railroad tracks. But he had nothing to do with keeping the tracks of the railroad in order, nor did he have any means of knowing whether the tracks were in proper condition or not. His business was entirely distinct from the business of those who had charge of the railroad tracks. If the tower-house, or the machinery connected therewith, where the plaintiff was employed to work, was out of repair and unsafe, it would have been the duty of the plaintiff to inspect the appliance and report the defects to the railroad company; and if, after notice of the defects, he had failed to report them and had been injured by the use of the defective machinery, he could not recover. But here

the plaintiff had nothing to do with the railroad tracks or their condition as to safety in running trains over them. His duties did not require him to examine the tracks to ascertain whether they were kept in proper condition so that trains could pass over them without running off or being thrown off. He had the right to presume, as declared in the instruction, that the railroad company would furnish safe tracks and keep them in a safe condition so that trains would not be thrown off. We think the principle announced in the instruction was correct.

The court refused several instructions asked by the defendant, but upon looking into the record it will be found that the jury were fully instructed upon all questions of law involved in the case. The court gave fifteen instructions on behalf of the defendant, twelve as asked and three others with slight modification. So far, therefore, as questions of law were involved the jury were fully and fairly instructed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*