HENRY R. AMANN, Appellee, *vs.* THE CHICAGO CONSOLI-
DATED TRACTION COMPANY, Appellant.

*Opinion filed December 22, 1909—Rehearing denied Feb. 3, 1910.*

1. DAMAGES—*when proof of what the plaintiff was earning is proper.* Proof that the plaintiff in a personal injury case, who was partially paralyzed, earned $75 a month in a florist's shop of a friend is admissible without proof of his qualifications for the work or that his services were worth what he received, where he testified that he performed his work satisfactorily to his employer.

2. SAME—*when testimony as to the amount paid for doctors' bills is improper.* Testimony that the plaintiff in a personal injury case, who was partially paralyzed before the accident, had paid $800 in doctors' bills since the accident is improperly admitted, where it is not shown that the medical services were necessary for the injury received or that he, in fact, received any substantial injury, and where he was unable to state, even generally, to whom the money was paid or give any particulars as to the services.

3. SAME—*what is necessary to justify recovery for future damages.* To justify a recovery for future damages the law requires proof of a reasonable certainty that they will be endured in the future, and hence testimony that an abrasion of the skin on the arm and a sprain of the ankle on the plaintiff's paralyzed side might aggravate the paralysis is not admissible, particularly where the witness testifies that he is not an expert and has no opinion on the subject and cannot tell what the probabilities would be.

4. APPEALS AND ERRORS—*errors affecting damages, only, may be cured by remittitur.* A *remittitur* has no effect to cure errors affecting the question of the defendant's liability in a personal injury case but may cure errors affecting only the question of damages, and if the case is a proper one for the assessment of exemplary damages, and the judgment, in view of the evidence, is reasonable, the judgment will not be reversed, whether the errors affecting the question of actual damages were cured by the *remittitur* or not.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOHN A. ROSE, and FRANK L. KRIETE, (W. W. GURLEY, of counsel,) for appellant.

MORGAN & RUBENSTEIN, (BOWLES & BOWLES, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action on the case begun in the circuit court of Cook county by appellee for an alleged malicious and wanton assault upon him while a passenger on a street car of appellant, by the conductor. On the trial the plaintiff testified that he was a passenger on the car and desiring to get off signaled his intention to do so, but the car did not stop and he pulled the bell-cord, whereupon the conductor ran back on the foot-board to the place where the plaintiff was sitting, took him around the neck and threw him off

the car and both fell to the ground, and the conductor used obscene language toward him. The defendant offered no evidence, but on the trial endeavored to ascertain the name of the conductor or identify him in some way, and it was admitted that the officer or agent of the defendant who had charge of all the records, reports and information regarding all accidents and occurrences of the nature of this one, had not, and never did have, any report of the occurrence. The jury returned a verdict for $5525. On motion for a new trial the court ruled that a new trial would be granted unless a *remittitur* of $2025 should be entered, whereupon the plaintiff entered the *remittitur* and judgment was entered for $3500. The Branch Appellate Court for the First District affirmed the judgment, and from that judgment this appeal was taken.

Prior to October 12, 1900, the plaintiff had been a musician, playing the banjo and guitar and performing at parties, weddings and hotels, and on that date he suffered a paralytic stroke of his whole left side. He was thrown from the street car on July 25, 1903, and had been a paralytic nearly three years. He was treated for the paralysis, but was unable to work or earn anything until January, 1902, when he went to work for Mr. Lang, a florist. Lang came from the same country and was an old acquaintance and friend, and on account of his friendship employed the plaintiff to do such work as he could do. When working for Lang he attended to the books and plants, bought roses and flowers at wholesale, and did other work which did not require the use of his left hand. He worked until the last of June, 1902, and laid off in July and August during the dull season in the flower business, but began work again on September 1, 1902, and worked until the last of June, 1903, when he again laid off for July and August. He expected to go back to work again the first of September, and he was permitted to testify, against the objection of the defendant, that he earned $75 a month by

working for Lang. It is contended that such testimony was incompetent without proof of his qualifications for the work he did or that his services were equal in value to what he received, for the reason that Lang employed him on account of friendship. The plaintiff testified that he performed his duties satisfactorily to Lang, and we do not think the evidence raises any presumption that Lang intended to or did make any gift to the plaintiff under the form of wages. The ruling of the court was not erroneous.

The plaintiff was also permitted to testify that he had paid $800 since the street car occurrence for doctors' bills and treatments, without giving any particulars of amounts or persons to whom the moneys were paid and without proof that the treatments were necessary on account of the injuries for which he sued. To enable the plaintiff to recover for expenditures for medical services it was necessary for him to prove that such services were made necessary because of the injury inflicted by the defendant and that the fees were reasonable for the services. (*North Chicago Street Railway Co.* v. *Cotton,* 140 Ill. 486.) While he was not required to furnish an itemized account, it was necessary to show what he paid and to whom, and he was not able to state, even in a general way, to whom he paid the moneys or to give any particulars of the treatments or services. There was an entire absence of any evidence tending to show that the medical services were necessary on account of the injuries for which the suit was brought, or, in fact, that plaintiff suffered any substantial or lasting injury at all. The court erred in overruling the objections.

The only injuries to the plaintiff were an abrasion of the skin on the left arm and a slight sprain of the ankle on the paralyzed side. A doctor who examined the plaintiff after the occurrence and treated him a number of times for these injuries was asked to state what effect they would have on the paralytic part of the body. He replied that he was not an expert, and defendant then objected to the

question. The court ruled that the witness must answer, and the witness said he could not give definitely the effect afterwards. The defendant again objected, and the court said that the witness might give his opinion, and asked the witness if he had an opinion. The witness replied that he had no opinion as to the after-effect, and the court said that then he need not give an opinion. The witness was then asked if the abrasion would tend to make the paralysis worse or aggravate it, and he answered that it might aggravate it. On motion to strike out the answer the court ruled that it might stand, and the witness being asked what would be the probabilities, he said he could not tell. These rulings were wrong. A mere possibility, or even a reasonable probability, that future pain or suffering may be caused by an injury, or that some disability may result therefrom, is not sufficient to warrant an assessment of damages. It would be plainly unjust to require a defendant to pay damages for results that may or may not ensue and that are merely problematical. To justify a recovery for future damages the law requires proof of a reasonable certainty that they will be endured in the future. *Lake Shore and Michigan Southern Railway Co.* v. *Conway,* 169 Ill. 505; *Chicago and Milwaukee Electric Railway Co.* v. *Ullrich,* 213 id. 170; *Chicago City Railway Co.* v. *Henry,* 218 id. 92; 6 Thompson on Negligence, sec. 7318; 13 Cyc. 138-144.

Notwithstanding these errors we are of the opinion that the judgment should not be reversed. The errors did not in any manner affect the question of the liability of the defendant, in which case a *remittitur* would be of no avail to obviate them, (*Wabash Railway Co.* v. *Billings,* 212 Ill. 37,) but they related only to the amount of damages. While the defendant had a right to the judgment of the jury as to the amount of damages on legitimate evidence, it has frequently been held that an error affecting

damages, only, may be cured by a *remittitur.* Whether the *remittitur* required by the trial court would cure errors of this character on a question of actual damages or not, we are satisfied that any jury to whom the evidence in the case might be presented would assess damages equal to the amount of the judgment. The case was a proper one for the assessment of exemplary damages, (*Chicago Consolidated Traction Co.* v. *Mahoney,* 230 Ill. 562,) and in view of that fact we think the judgment should be affirmed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*