## Michael J. O'Meara, Appellee, v. Cardiff Coal Company, Appellant.

## Gen. No. 5305.

1. PLEADING—*when general issue properly stricken.* A party cannot plead a tender of a part of the sum declared for and at the same time maintain a plea of the general issue to the whole declaration.

2. EVIDENCE—*letters written with a view to compromise incompetent.* *Held*, that a letter written by the attorneys of a party with a view of obtaining a compromise, is not competent against such party.

3. EVIDENCE—*letters containing self-serving statements.* *Held*, that a letter written by a party containing self-serving statement was for that reason properly excluded.

4. TENDER—*when insufficient.* A tender made after suit is insufficient if it does not include the costs incurred up to such time.

5. INTEREST—*when not recoverable.* Unless the action is predicated upon a written instrument providing for the payment of money or unless the account sued for has become stated, unreasonable and vexatious delay of payment must be established in order to entitle the recovery of interest in an action of assumpsit to recover for the money demand.

6. APPEALS AND ERRORS—*when remittitur appropriate.* If a verdict and judgment improperly include the allowance of interest, the error may be cured by requiring the filing of a *remittitur.*

Assumpsit. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

A. C. NORTON, for appellant.

R. S. McILDUFF and B. R. THOMPSON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Michael J. O'Meara brought suit in *assumpsit* against the Cardiff Coal Company to recover the value of services rendered. The declaration consisted of the common counts only, with an affidavit of merits that there was due the plaintiff $1,422. The defendant filed a plea of the general issue with a plea of tender of $820.60. On motion of the plaintiff the plea of the general issue was stricken from the files. On a trial, the jury returned a verdict in favor of the plaintiff for $1,193.32 upon which, after the usual motions, judgment was rendered and the defendant appeals.

The first error assigned is that the court erred in sustaining a demurrer to defendant's plea of tender. The record does not show that any demurrer was filed to the plea of tender but, on the contrary, a replication to the plea of tender was filed upon which issue was joined.

If appellant intended to assign error on the order striking from the files the plea of the general issue, the point is not well taken for the reason that a party cannot plead a tender of a part of the sum declared for, and at the same time maintain a plea of the general issue to the whole declaration, as this plea was. 1 Chitty's Pl. 560; Monroe v. Chaldeck, 78 Ill. 429; County of JoDaviess v. Staples, 108 Ill. App. 539. While a defendant ordinarily may plead inconsistent pleas, yet by a plea of tender he is estopped from denying he is indebted in the sum named in the plea of

tender and must limit a plea of the general issue to the balance of the claim above the sum tendered.

The appellee contracted to clear out some settling basins at one of appellant's mines at the price of twenty cents per cubic yard, and to throw up a certain embankment. The settling basins are large shallow ponds into which the water used in washing coal is discharged so that the dust and dirt washed from the coal may not be carried into the running streams near appellant's coal mine. There was a series of six of these basins, and they were in the neighborhood of two or three feet deep. The water would run into the first basin in which most of the sediment would settle, until the basin was full, and then to the next one and so on to the last one. The general superintendent of all the mines of appellant told the superintendent of this particular mine to have the basins cleaned out and the work done. After the work was done, appellee, with his son and the local superintendent, measured the first basin and found a depth of three feet had been taken out, and the depth of the others was estimated at two and one-half feet. The local superintendent told appellee that he would have to send the figures to Chicago for the company's approval. When the figures reached Chicago the officers having been told by the superintendent that the work could be done for $250, were dissatisfied. They sent a civil engineer and surveyor to measure the basins who made measurements and calculations showing a total of $820.60 due appellee. The county surveyor afterwards measured the basins for appellant and figured the amount at $749.40. There was a serious controversy in the evidence as to the correctness of the measurements. The basins were irregular in shape and surrounded by rims of earth made in excavating the ponds when they were constructed. Appellee's evidence tends to show the basins were filled with sediment much above the natural level of the earth, while appellant's evidence tends to show they were only filled to the nat-

ural surface of the ground. There was also a question as to the depth of the basins. The measurements were made in November after water from the washery had run into the basins. The man holding the rod wore rubber boots and stood in mud and water up to his knees in some of the ponds. It is clear that there is much room for disagreement over the depth and the amount of the excavation. It is properly a question of fact for a jury, and this court will not interfere with the finding approved by the trial court unless some error of law has occurred on the trial.

Appellee offered in evidence a part of a letter written by appellant's local superintendent, to the appellant, transmitting the measurements made when appellee and the superintendent estimated the excavation, but did not introduce all the letter; afterwards appellant offered the remainder. Notice was served on appellant to produce these measurements, and it failed to do so, but produced the letter they were sent with. The only part of the letter offered by appellee was that concerning the measurements, and appellant offered the remainder of the letter later. There was no error in the admission of this evidence.

The attorneys for appellee wrote a letter to appellant, at its Chicago offices, in reply to which appellant wrote a long letter, containing many self-serving statements. Appellant offered these letters in evidence, and an objection on the part of appellee was sustained. The letter written by the attorneys was clearly written in an endeavor to get at the claims and views of both parties with a view of making a settlement. There was nothing in it that benefited appellant, but what it sought was to get before the jury the self-serving statements in its reply. The letter of the attorneys being written with a view of obtaining a compromise was not proper evidence against appellee, and the letter of appellant was properly rejected because of its self-serving statements. We find no error in

the admission or rejection of this evidence requiring a reversal of the case.

It is also insisted that there was error in the ruling upon evidence and the refusal of instructions concerning the tender. Appellant's contention is that it told appellee over the telephone that it would pay him $820.60. That cannot be regarded as a tender. After suit brought and costs incurred the appellant paid the sum of $820.60 into court, but neither paid the costs to that time nor pleaded a tender of costs. The tender was clearly insufficient even under the theory of appellant, as it should have tendered costs in addition to the sum it admitted to be due. The jury however found a much larger sum in favor of appellee, and the refusal of appellant's instruction was harmless error, even if it was a proper instruction.

It is also contended that the judgment is excessive and that there was error in instructions given at the request of appellee. The only assignment of error concerning appellee's instructions is the sixth that the court "erred in improperly instructing the jury to allow appellee interest." There is no other assignment concerning appellee's instructions, and all other errors concerning appellee's instructions, if any, were all waived. We find however no substantial error in the instructions complained of, except the ninth instruction given at the request of appellee and the only one within the assignment of errors. It is: "You are further instructed that in arriving at your verdict you should allow to the plaintiff interest at five per cent on whatever sum you find to be due him from the date of the completion of the work on said ponds and ditch by the plaintiff." There is no proof of any contract to pay interest and no written agreement. Interest is only recoverable in such cases on money due on settlement of the account from the day of liquidating the account, or on money withheld by an unreasonable and vexatious delay of payment. Statute, chap.

74, sec. 2. If plaintiff claimed he was entitled to interest under either of these provisions it should have been submitted to the jury to find whether there had been an account stated and liquidated or an unreasonable and vexatious delay of payment. We do not see how it can be contended that there was an unreasonable and vexatious delay of payment, as there appears to have been an honest difference of opinion, and the appellant never agreed to appellee's claim. Further, the instruction did not direct the jury to allow interest at the rate of five per cent per annum, but told them to allow five per cent. We must assume the jury followed the instruction which was mandatory. We conclude, however that this is an error that can be cured by a *remittitur*, since errors affecting damages only may be cured by a *remittitur*. Amann v. Chicago Tr. Co., 243 Ill. 263. This opinion will be lodged with the clerk, and if within five days the appellee remits $57, the judgment will be affirmed for $1,136.32 at his costs; otherwise it will be reversed and remanded.

Afterwards appellee having filed a *remittitur* herein of $57 the judgment is therefore affirmed in the sum of $1,136.32 at the costs of appellee.

*Affirmed with remittitur.*