## Claudia Smith, Defendant in Error, v. Chicago City Rail= way Company, Plaintiff in Error.

## Gen. No. 16,206.

1. PASSENGER AND CARRIER—*what does not preclude right of re-
covery for personal injuries.* A carrier may not negligently place a
passenger in a situation where the passenger is bound to choose between
two courses at her peril and then interpose the defense that the act
of the passenger was the intervening cause of the injury.

2. INSTRUCTIONS—*when summing up the facts constituting negli-
gence not erroneous.* Held, that the instruction in question in this
cause was not erroneous where reference to certain facts was made—the
jury, however, being required before rendering a verdict in favor of
the plaintiff to find that the plaintiff "was injured in manner and form
as charged in her statement of claim."

3. INSTRUCTIONS—*when upon damages in personal injury case erro-
neous.* An instruction is erroneous which authorizes a recovery of
damages for pain in the future upon the belief by the jury in a mere
possibility that future pain and suffering may be caused by the injury.
Held, however, that the instruction in this case was not likely to have
been so understood by the jury and that no prejudice could reasonably
be said to have resulted therefrom.

4. MUNICIPAL COURT—*what essential to justify reversal of judgment
of.* No order or judgment of the Municipal Court will be reversed on
review unless the reviewing court shall be satisfied from the record that
such order or judgment is contrary to the law and the evidence, or
that such order or judgment resulted from substantial errors of the
Municipal Court directly affecting the matters at issue between the
parties.

5. EVIDENCE—*when system of receiving reports of accidents not
competent.* If the defendant had notice of an accident the day after
its occurrence it is not error to refuse to permit it to show its system

of receiving reports from its employes and the fact that it had received no report of the accident in question.

Tort. Error to the Municipal Court of Chicago; the HON. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 19, 1912, on rehearing.

CHARLES J. GOULD and C. LE ROY BROWN, for plaintiff in error.

EDWARD H. MORRIS, for defendant in error; MARTIN J. ISAACS, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Defendant in error, Claudia Smith, hereinafter called plaintiff, recovered in the Municipal Court of Chicago a judgment for $1,000 in an action of the fourth class against the Chicago City Railway Company, plaintiff in error, hereinafter called the defendant.

The action was in tort to recover damages for an injury to her person received on or about March 28, 1908, in State street, near Thirty-fourth street, in the city of Chicago, caused by the negligent and sudden starting of the defendant's car when the plaintiff was a passenger on the car, and was in the act of alighting therefrom. The trial in the court below resulted in a verdict in favor of the plaintiff, and a judgment thereon for $1,000.

The defendant prosecutes this writ of error and urges three grounds for a reversal of the judgment: First, the evidence is insufficient to establish liability; second, the court erroneously instructed the jury at the request of the plaintiff both on the issue of liability and on the issue of damage; and third, the court erred in rejecting evidence offered by the defendant.

In support of the first ground for reversal it is urged that the action of the defendant's servants in starting the car was not the proximate cause of the

injury, and that plaintiff's negligence contributed thereto.

The evidence shows without controversy that Mrs. Smith with her little boy four years old, and a Mrs. Warren boarded a south bound State street car at Twenty-seventh and State streets. When the car was between Thirty-third and Thirty-fourth streets Mrs. Smith asked the conductor to let her off the car at Thirty-fourth street. Her little boy was at that time sitting in her lap. Mrs. Smith and the little boy and Mrs. Warren went to the rear platform of the car, which had stopped when Mrs. Smith left her seat in the car. On the platform were two persons. The car stopped at the south side of Thirty-fourth street and these two passengers alighted first. Mrs. Smith with her right hand held the left hand of her little boy and attended to his exit from the car, and while she was in the act of leaving the car, with one foot on the step and the other on the platform of the car, and while the boy was still clinging to Mrs. Smith's hand, Mrs. Smith with her left hand was grasping the upright hand rail. At this point the conductor gave the signal for starting the car, and the car started while the plaintiff was in the position indicated. The evidence shows that the boy was clinging to plaintiff's hand, and after the car started was being dragged along. Thereupon Mrs. Smith of her own volition jumped from the car to the ground. As she did so the boy fell to the pavement. Mrs. Smith was whirled around by the movement of the car but did not fall. She received injuries as appears by the evidence. Mrs. Warren remained on the car until it stopped at Thirty-fifth street.

At the time that Mrs. Smith requested the conductor to let her off the car at Thirty-fourth street, he was passing from the rear end of the car to the front end, and was between the middle of the car and the front end of the car when he gave the bell to start the car.

There is no substantial controversy over these facts. It is urged that the negligence of the defendant in starting the car was not the proximate cause of the injury; that the act of the plaintiff in jumping from the car intervened between the negligence averred and the injury; that she was in a place of safety after the car started, and her own act in jumping from the car when it was in motion occasioned the injuries.

We are of the opinion that this contention is not sound. There existed a situation at the time the car started. The plaintiff had seen to it that her boy was upon the ground, and was herself in the act of alighting. Naturally the child clung to its mother and the mother to the child. To have shaken herself loose from the child after the car started and remained upon the car would have been to subject her child, in all probability, to injury. She was by the starting of the car under the circumstances placed in a position of being compelled to choose between two alternatives, subjecting her child to injury, or running the risk of injury to herself in attempting to alight from the car after it had been negligently started. She chose to alight and save her child. In so doing we think she acted reasonably and without negligence. In starting the car under the circumstances, the defendant was clearly negligent. A carrier may not negligently place a passenger in a situation where the passenger is bound to choose between two courses at her peril, and then interpose the defense that the act of the passenger was the intervening cause of the injury.

Upon the evidence we are of the opinion that the jury were justified in finding that the defendant was negligent, and that its negligence caused the injury to the plaintiff; and that the plaintiff was not guilty of contributory negligence.

We may notice before leaving this point the contention of the defendant that Mrs. Smith was slow in leav-

ing the car and that she was apparently stooping down as if to attend to some portion of her raiment, and that this action on her part caused the conductor of the car to think or infer that she did not intend to leave the car at this time. The testimony, however, affords no basis for any such contention. Mrs. Smith had told the conductor that she wished to leave the car at Thirty-fourth street. The testimony is that she followed close upon the people who were in front of her, and that she was attempting to alight from the car with all reasonable speed. Mrs. Warren was unable to leave the car and was compelled to ride to Thirty-fifth stret.

It is urged that the court committed error in giving the plaintiff's instruction four, which is as follows:

"If the jury believe from the evidence in this case that the car of the defendant company came to a stop at Thirty-fourth street to let passengers alight; and if the jury further believe from the evidence in this case that Claudia Smith was a passenger on said car and while said car was at a standstill attempted with all due care and diligence to alight from said car; and if the jury further believe from the evidence in this case that while said Claudia Smith was in such act of alighting from said car said car was started by the servant of the company, (if you believe said car was started) and that thereby Claudia Smith was injured in manner and form as charged in her statement of claim and that at the time of and just prior to said occurrence the said plaintiff was in the exercise of due and ordinary care and diligence for her own safety, then the jury should find the defendant guilty in the suit brought by Claudia Smith."

It is contended that this instruction directs the jury to return a verdict for the plaintiff if from the evidence they believe the facts therein mentioned, and that such an instruction must include all the elements necessary to make the plaintiff's case; that the instruction was therefore erroneous in several respects;

first, it was not based upon the evidence; second, the instruction was erroneous because the facts outlined in it did not necessarily charge the defendant with negligence; and third, that the instruction was inadequate in its requirement of belief of the exercise of ordinary care by the plaintiff.

It is to be conceded without question that if the acts of the defendant mentioned in the instruction did not necessarily constitute negligence, the instruction would be erroneous. The real question for the jury was whether or not the defendant was negligent. But the instruction in addition to the facts named therein, which the jury were to find, also states, "and that thereby Claudia Smith was injured in manner and form as charged in her statement of claim." However much we may regret that a reference to the declaration or statement of claim in an instruction has been approved by our Supreme Court, it is nevertheless an established practice and we must recognize it. The statement of claim in this case is as follows: "Plaintiff's claim is for an injury to her person received on or about March 28th, 1908, in State street near Thirty-fourth street; caused by the sudden starting of defendant's car through defendant's negligence," etc. Thus the question of negligence, in our opinion, was embodied in the instruction by referring to the statement of claim, and the question whether the facts stated in the instruction, together with those stated in the claim, constituted negligence, was submitted to the jury. This clause in the instruction was the equivalent of repeating the manner in which the injury was occasioned, as set out in the statement, and included with the clause above quoted the allegation that the defendant before the plaintiff could get off the car started the car and plaintiff was dragging her boy and had to jump and was injured. In our opinion the giving of the instruction was not reversible error.

It is next urged that the court erred in giving to the jury the first instruction requested by the plaintiff, which reads as follows:

"The jury are instructed by the court that if from all the evidence in this case and under the instructions of the court you find the defendant guilty, then in such event the plaintiff is entitled to recover such sum as will reasonably compensate her for all bodily pain and suffering, if any, as the evidence may show, if it shows any, which she has suffered in the past by reason of her injuries, and for such bodily pain and suffering, if any, as the evidence may show, if it shows any, as she may suffer in the future by reason of such injuries if the jury believe from the evidence in this case that she may suffer bodily pain as the direct result of her injuries."

It is urged that the instruction authorized compensation for merely possible future pain and suffering, not what the jury believed she will suffer, and authorities are cited and quoted to the effect that instructions given upon such a theory are erroneous upon the ground that they authorize purely speculative future damages.

The serious criticism made to the instruction is that it does not require the jury to believe from the evidence that the plaintiff will sustain suffering in the future; and that this omission together with the use of the words "may suffer," occurring twice in the instruction, makes the instruction erroneous and misleading in that it permits the jury to award damages for future suffering merely upon the belief by the jury that the plaintiff "may suffer" pain in the future.

When the instruction is subjected to the close legal scrutiny applied to it by the learned counsel for plaintiff in error, it is not free from criticism. It is erroneous, and cannot be approved as a precise and accurate statement of law, for it authorizes a recovery of damages for pain in the future upon the belief by the

jury in a mere possibility that future pain and suffering may be caused by the injury, which is not sufficient to warrant an assessment of damages. Amann v. Consolidated T. Co., 243 Ill. 263. Strictly and technically construed the instruction does not require proof of a reasonable certainty, or belief on the part of the jury, that pain will be endured in the future. We do not think, however, that the jury in reading the instruction and applying it to the facts in this case so read it or construed it. The evidence showed that at the time of the trial the plaintiff had not recovered from her injuries, and it necessarily followed that there would be future pain and suffering; and the jury would naturally consider the instruction as authorizing them to assess damages therefor.

The action was of the fourth class in the Municipal Court of Chicago. The act creating that court expressly provides that no order or judgment of that court shall be reversed on review unless the reviewing court shall be satisfied from the record that such action or judgment is contrary to the law and the evidence, or that such order or judgment resulted from substantial errors of the Municipal Court directly affecting the matters at issue between the parties. We do not think the jury was misled by the instruction, or that its verdict would have been any different if the instruction had been more accurately phrased.

It is urged that the court erred in excluding evidence offered by the defendant to prove its system of receiving reports of accidents and to show that no report was received from any train man that such an accident as the one here complained of took place, and also the evidence of the conductor of the car bearing the number which Mrs. Warren designated as the number of the car in connection with which plaintiff was hurt, and that if the accident had happened he would have made a report of it.

The record shows that the defendant had the benefit of the proof of the fact that no report was made to it by any conductor of an accident at Thirty-fourth street on the line in question. The company knew about the accident the day after it occurred, for Dr. Smith, the husband of the plaintiff, wrote the company a letter shortly after the accident happened, which the defendant received. The letter complained of the negligence of the conductor and also spoke of a sprain to the arm of the boy, and the injury to the plaintiff. This letter was introduced in evidence by the company as having been received by it on the morning following the accident. The company therefore had information of the accident, and it was immaterial to the case that it should be permitted to make proof of its system of receiving reports of accidents, and that no report was received from any train man.

The court did not commit reversible error in excluding this evidence. The judgment is affirmed.

*Affirmed.*