## Myrtle Richards, Appellee, v. Illinois Central Railroad Company, Appellant.

1. DAMAGES, § 186*—*when plaintiff as witness should not speculate on possible injuries received.* In an action to recover for personal injuries, a plaintiff-witness should not be permitted, over objection of the defendant, to speculate on possible injuries he may have sustained.

2. DAMAGES, § 165*—*what may be proved under specific allegations as to injuries.* Where the allegations of injury in the declaration for damages for personal injuries are general, any injury that could reasonably be included in the general allegations may be proved, but where the declaration undertakes to specify a particular injury or injuries, then only such injury or injuries as are specified, or such as reasonably follow from the injuries specified, can be put in proof.

3. NEGLIGENCE, § 165*—*when evidence inadmissible as not conforming to pleadings.* In an action for personal injuries alleged to be due to negligence, under an allegation of injury to the womb, testimony as to injury to the eyes should not be admitted, such injury not being reasonably referable to the injury alleged.

4. DAMAGES, § 186*—*when evidence inadmissible as to possible future effect of injury.* In an action for personal injuries, a physician should not, over objection, be permitted to speculate upon the probable or possible future effect of the alleged injuries upon the health of the plaintiff, but his testimony should be confined to consequences reasonably certain to result therefrom.

5. INSTRUCTIONS, § 88*—*when instruction on determination of preponderance of evidence erroneous.* An instruction is erroneous which, in undertaking to inform the jury as to the elements to be considered in determining the preponderance of the evidence, fails to include the element of the number of witnesses.

6. INSTRUCTIONS, § 129*—*when instruction directing verdict erroneous.* An instruction is erroneous which directs a verdict on the finding of facts as therein stated but fails to include an important controverted fact.

Appeal from the Circuit Court of Union county; the Hon. A. W. Lewis, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 4, 1915.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CRAWFORD & CRAWFORD, W. W. BARR and C. E. FEIRICH, for appellant; BLEWETT LEE and W. S. HORTON, of counsel.

JAMES LINGLE, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This was an action on the case brought by appellee against appellant on account of personal injuries alleged to have been sustained by appellee while a passenger on one of appellant's trains from Anna to Ullin, Illinois, on July 4, 1914. The declaration is in three counts. The first count charges that while appellee was a passenger, and while attempting to alight from the train at Ullin, the train was negligently, suddenly and violently started and moved, throwing appellee to the ground, resulting in appellee being greatly bruised, hurt and crippled; that the womb of appellee was thereby dislocated, bruised, and misplaced, and that appellee was permanently injured, etc.

The second count charges negligence of appellant in having the door of the coach in which appellee was riding locked and fastened so that appellee was prevented from making reasonable egress therefrom, and that servants of appellant negligently directed appellee to an egress where there was no servant of appellant to assist appellee in alighting, and no footstool for appellee to step on, it then and there being dark, and that as a result thereof appellee was injured. The injuries alleged are the same as in the first count.

The third count is substantially the same as the second count. Appellant filed a plea of the general issue and a trial by a jury resulted in a verdict and judgment for appellee for $3,700 and costs.

The evidence for appellee tended to show that on July 4th there was a celebration at Anna which appellee attended, leaving Anna for Ullin, her home, about ten o'clock on that night; that there was a large crowd

there and several more passenger coaches on the train than customary; that appellee rode in a Pullman car; that the station of Ullin was called by appellant's porter, and when the train stopped appellee found difficulty in getting out of the car, saying that the south door was locked. She, however, went through the smoking compartment of the Pullman in which she was riding and through the next day coach to the south, and while standing on the steps to get off, the train started and threw her off. She had her baby and an umbrella in her arms at the time. Appellee was allowed to testify, over objections of appellant, to numerous ailments claimed to have resulted from the fall, and she also introduced certain expert evidence on the subject which appellant contends was improper. She claimed to have had an abortion and other troubles, although in this she was contradicted by some of the physicians' evidence on her behalf.

The evidence for appellant was to the effect that no such accident occurred, and also that several of the ailments she complained of had existed long prior to the time of the alleged injury.

Various grounds are urged by counsel for appellant as reasons for the reversal of the judgment. We shall consider but two: First, the alleged error in the admission of evidence offered on the part of appellee; and second, the error assigned on the giving of improper instructions offered on part of appellee.

On the trial of said cause appellee was permitted by the court, over repeated objection on the part of appellant, to speculate on the possible injury she may have sustained. During the direct examination of appellee, after she had described her alleged fall and following sickness, she was asked these questions:

"Have you noticed any difference in your eyesight?" Objected to by appellant on the ground that there was no claim for injury to the eyesight in the declaration. Objection overruled. "A. Why, my

eyesight is hard at times. I can see sooty substances before me and that is all I can see.

"Q. I suppose when you are not affected that way you can read and see? A. I can see and read, but I can't see the distance I did before."

In the three counts of appellee's declaration she makes specific claim for injury to her womb, but makes no claim for injury to her eyesight. Where the allegations of injury in a declaration are general, we understand that any injury that could reasonably be included in the general allegation may be proved, but where the declaration undertakes to specify a particular injury or injuries, that then only such injury or injuries as are specified, or such as reasonably follow from the injuries specified, can be put in proof.

There being no claim for injury to appellee's eyes, and the injury to the eyes not being reasonably referable to the injury charged to have been caused to appellee's womb, proof of injury to the eyes should not have been allowed. *North Chicago St. R. Co. v. Lehman*, 82 Ill. App. 238.

The physicians who testified on behalf of appellee were permitted by the court to answer, over objection of appellant, various questions which allowed said physicians to speculate upon the probable or possible future effect of the alleged injury upon appellee's health.

The jury in returning the verdict in this case undoubtedly took into consideration the question of a permanent injury to appellee, and just how much effect the evidence of appellee and her physicians may have had on the verdict, and the amount of damages assessed, it is impossible to determine.

In the case of *Lyons v. Chicago City Ry. Co.*, 258 Ill. 75, the court in passing on this character of testimony at page 81 says: "A surgeon may testify as to the nature of a wound and as to the effects or consequences which may be reasonably expected to happen,—not

merely speculative or possible. (1 Wharton on Evidence, sec. 441; Jones on Evidence (2nd Ed.) sec. 378; 12 Am. & Eng. Encyc. of Law (2nd Ed.) 447, and cases cited.) If it form a proper basis for recovery it is necessary that the consequences relied on must be reasonably certain to result. They cannot be purely speculative. (*Lauth v. Chicago Union Traction Co.*, 244 Ill. 244, and cases cited; *Murphy v. Boston and Albany Railroad Co.*, 167 Mass. 64.)'' Again on page 82 the court says: ''It may be that this improper evidence accounted for a large part of the verdict. Such an error in the admission of evidence is not susceptible of computation, and even a remittitur cannot cure it. *Lauth v. Chicago Union Traction Co., supra; Chicago City Railway Co. v. Henry,* 218 Ill. 92; *Shaughnessy v. Holt,* 236 id. 485.''

Again in the case of *Amann v. Chicago Consol. Traction Co.,* 243 Ill. 263, at page 267, the court says: ''A mere possibility, or even a reasonable probability, that future pain or suffering may be caused by an injury, or that some disability may result therefrom, is not sufficient to warrant an assessment of damages. It would be plainly unjust to require a defendant to pay damages for results that may or may not ensue and that are merely problematical. To justify a recovery for future damages the law requires proof of a reasonable certainty that they will be endured in the future. *Lake Shore and Michigan Southern Railway Co. v. Conway,* 169 Ill. 505; *Chicago and Milwaukee Electric Railway Co. v. Ullrich,* 213 id. 170; *Chicago City Railway Co. v. Henry,* 218 id. 92; 6 Thompson on Negligence, sec. 7318; 13 Cyc. 138-144.''

The next contention of appellee that we desire to consider is the alleged error in the giving of appellee's second, fourth, fifth, sixth, eleventh and twelfth instructions. The error alleged as to appellee's second instruction is that in instructing the jury as to the elements they should consider in determining the pre-

ponderance of the evidence it omits to mention the element of the number of witnesses. In a number of cases in the Supreme and in this court, instructions of this character which undertake to inform the jury as to the elements to be considered in determining the preponderance of the evidence and fail to include the element of the number of witnesses, have been condemned. *Yanloniz v. Spring Valley Coal Co.*, 185 Ill. App. 563; *Lyons v. Ryerson & Son*, 242 Ill. 409; *Elgin, J. & E. Ry. Co. v. Lawlor*, 229 Ill. 621; *Chicago Union Traction Co. v. Hampe*, 228 Ill. 346; *Andreicyk v. Chicago & E. I. R. Co.*, 150 Ill. App. 539.

Where the element of numbers is important, the giving of an instruction in regard to the preponderance of evidence which omits the element of numbers has been held to be reversible error. *Yanloniz v. Spring Valley Coal Co., supra; DeJoannis v. Domestic Engineering Co.*, 185 Ill. App. 271. The giving of this instruction was clearly erroneous, but we would not be inclined to reverse the case solely on that ground, if there were no other errors in the record.

Appellee's sixth instruction directs a verdict for appellee upon proof of the facts therein stated, but this instruction omits the important element of whether or not she was a passenger on appellant's train at the time of the alleged injury. This being a controverted question, the instruction should not have been given. (*Pardridge v. Cutler*, 168 Ill. 504.)

We have examined appellee's fourth, fifth and eleventh instructions and we do not believe that they are subject to the criticism made against them by appellant.

The objection to appellee's twelfth instruction is that it submitted to the jury the question of the permanent injury to appellee. We do not understand that appellant claims that this instruction is erroneous as a matter of law, if there were competent evidence in the record to support it. We think, however, that this

instruction is not objectionable and there was no error in giving it.

In this case appellant controverts all the material matters on which appellee bases her claim for damages, that is, appellant denies that appellee was a passenger on its train; that she received her injuries in the manner she claims, and further denies that the present condition of appellee's womb is referable to the alleged injury set forth in her declaration. The evidence on these matters being conflicting, the errors pointed out were prejudicial to appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*