David L. Hiatt et al., Plaintiff-Appellee, v. Anthony W. Finkl, Defendant-Appellant.

(No. 70-93; 

Second District—January 12, 1971.

Bruce E. Kaufman, of Waukegan, for appellant.

James K. Kenton, of Waukegan, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

This is a suit to recover damages arising out of an assault by the defendant against the plaintiff by firearms, resulting in injury to the plaintiff. The jury rendered a verdict in favor of the plaintiff for $5,000.00 and judgment was entered thereon. Post-trial relief from the judgment was denied, and this appeal follows.

The defendant assigns as error the refusal of the trial court to grant a motion for mistrial; the permitting of the plaintiff to testify beyond his knowledge as to his physical condition; and, improperly admitting a hospital record into evidence.

Detailed recitation of the facts surrounding the shooting is not required because of the nature of the errors claimed. However, it is to be noted that the defendant did not deny shooting the plaintiff but claimed justification.

The contention that the court committed error by failing to grant a motion for mistrial is based upon a statement made by plaintiff's counsel in his opening statement, when he stated:

"We offer to prove that the plaintiff  *  *  *  David Lee Hiatt, on February 21, 1967, was in the United States Marine Corps, had just returned from Vietnam where he was wounded  *  *  *."

At this point, the defendant's attorney approached the bench and a discussion was had between the court and counsel, out of hearing of the jury. During this discussion, defendant's counsel stated that he did not see any materiality in the proofs as to the fact that the plaintiff was in the service and had been wounded. He claimed it was prejudicial and moved for a mistrial. This motion was denied.

Later, during direct examination of the plaintiff, after the plaintiff said that he was in the Marine Corps and stationed at the Great Lakes Naval Hospital and living in the Marine barracks, another conference was held in chambers. As a result of that conference, plaintiff's counsel instructed the plaintiff to be careful not to refer to being wounded in Vietnam, and the plaintiff stated he understood. Thereafter, there was but one indirect reference by the plaintiff to Vietnam.

■■ We cannot say that the judge's denial of the motion for mistrial and the denial of the post-trial motion, in which the failure to grant a mistrial was stated to be an error, was a clear abuse of discretion on the part of the trial judge. On this issue, both parties have cited *Enloe v. Kirkwood* (1970), 120 Ill.App.2d 117, 256 N.E.2d 459, wherein the court said, p. 123:

"The rule governing review of assignments of error based upon alleged improper argument to the jury is clearly stated in *Belfield v. Coop*, 8 Ill.2d 293, 134 N.E.2d 249. The character and scope of argument to the jury is left very largely to the trial court, and every reasonable presumption must be indulged in that the trial court has performed his duty and properly exercised the discretion vested in him. *North Chicago St. R. Co. v. Cotton*, 140 Ill. 486, 29 N.E. 899. The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court, and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld. *City of Chicago v. Chicago Title & Trust Co.*, 331 Ill. 322, 163 N.E. 17. In determining that there was here no abuse of discretion resulting in prejudice to the defendant, we note she does not charge error in instructing the jury, nor does she contend the verdict is excessive."

Under the circumstances here present, the trial judge did not abuse his discretion in denying the motion for a new trial and it appears that both sides received a fair trial. It is to be noted that no error is charged in

instructing the jury, and that statements of counsel are not evidence.

■■ The defendant next argues that the judge erred when he allowed the plaintiff to testify as to the path of the bullet through his body, and states that had there been any medical testimony to follow in corroboration, the plaintiff's testimony might have been harmless. The plaintiff stated:

"The bullet entered my right shoulder right here and it passed through the chest cavity tearing the muscles and tissues and muscle off my clavicle."

It appears, according to the defendant, that the attending physicians from the Naval hospital were no longer available, either for direct testimony or deposition. The defendant has cited no cases to sustain his position, and it has long been recognized in Illinois that it is customary for the plaintiffs, in injury cases, to testify to the injuries they receive. (*Jensen v. Richardson,* 93 Ill.App.2d 237, 240; 235 N.E.2d 397.) It is not required in every personal injury case that a doctor be produced to testify as to the injury sustained. (*Jensen v. Richardson (supra)*; *Hyatt v. Cox,* 57 Ill. App.2d 293, 206 N.E.2d 260; *Palmer v. De Filippis,* 321 Ill.App. 186.) An objection was sustained when plaintiff attempted to testify as to the permanency of his injury. Considering the factual situation present here, the judge did not err in allowing the plaintiff to testify as to the path of the bullet through his body.

Finally, it is contended that the judge erred in admitting plaintiff's Exhibit I. That exhibit was labeled "Third Party Liability Case," and it was a Naval hospital form. It listed the plaintiff's name, address, admission date, length of hospitalization and charges. It is noted that the admission date is February 21, 1967. The hospital record stated that the plaintiff was in the hospital seventeen (17) days and that $765.00 was the hospital charge. The defendant objected to the admission into evidence of the hospital record because of the amount of the charge but did not object as to the number of days in the hospital. A Lt. Pakowski had testified that he is the custodian of the hospital records and that the particular record had been in the continuous control and possession of the U.S. Navy, although he was not custodian at the time the hospital record was prepared. The defendant states that to predicate the admission into evidence of a hospital record for medical charges there must be testimony as to whom the money was paid and what services were rendered, and that there also must be testimony the charges were necessary and related only to the injury claimed. *Amann v. Chicago Traction Company,* 243 Ill. 263, 266; 90 N.E. 673.

After the objection was made, the court suggested that the parties stipulate that the plaintiff was in the hospital for 17 days and that the

charges were $765.00. However, defendant's counsel refused to stipulate because there was no testimony as to whether or not the charges had been paid. The court thereupon admitted the exhibit for a limited purpose and advised the jury that plaintiff's Exhibit I "will be admitted into evidence for the sole purpose of showing the charges as testified therein, and the length of stay of the plaintiff in the Great Lakes Hospital. Anything else shall be disregarded by this jury that is on the exhibit." Having examined the exhibit, we note that there is no information on it pertaining to diagnosis, treatment, or prognosis. Because there is no medical information on the exhibit, the plaintiff states that the admission of the exhibit was properly limited by the judge and its admission is in conformity with the requirement of Supreme Court Rule 236(a), Ill. Rev. Stat., ch. 110A, par. 236(a).

■■ Lt. Pakowski had testified that the usual and customary charge per day for such service, at the particular time involved, was $45.00 per day. We have previously noted that the admission date is the same date as the date of the shooting. The admissibility of this exhibit as a business record is questionable under Supreme Court Rule 236(a). (See 59 Illinois Bar Journal, p. 312 *et seq.*) Also, there is no foundation testimony that the services received were necessary and pertained only to the injury claimed. Nevertheless, under the factual situation we are confronted with, we deem the error, if any, in admitting the exhibit in evidence, for the limited purpose described, not so prejudicial that the defendant was deprived of a fair trial. We consider it harmless error, and observe that there is no claim by the defendant in this court that the verdict was excessive. We find no error requiring reversal, and the judgment of the Circuit Court of Lake County is affirmed.

Judgment affirmed.

T. MORAN and SEIDENFELD, JJ., concur.