for failure of the vendor to carry out the provisions of the contract as to resale.

4. VENDOR AND PURCHASER, § 340*—*when tender of conveyance not essential to action for damage by vendee.* Where the vendor in a contract for the sale of land agreed to resell the same within a certain time at a certain net profit to the purchaser it is not essential that the latter tender a deed to the premises to the vendor before maintaining an action for damages for failure to carry out the contract.

---

## Margaret Burns McHugh, Appellee, v. Harry B. Rubenstein, Appellant.

### Gen. No. 18,865.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 5, 1914.

### Statement of the Case.

Action by Margaret Burns McHugh against Harry B. Rubenstein for personal injuries sustained by plaintiff falling into the basement of defendant's store. The facts are substantially as follows:

About five o'clock in the afternoon, April 8, 1911, plaintiff and her sister-in-law, Mrs. Hilda Burns, were walking in a southerly direction on Milwaukee avenue, Chicago, looking for a flat to rent. When they reached the store, then owned and occupied by defendant and known as No. 1907 Milwaukee avenue, they noticed on the front of the store a sign reading "Flat to Rent, Inquire Within." Above the store were two additional stories which were arranged to be occupied as flats, and on one side of one of the windows of the store was a door to a hall leading from the street to the stairways to the flats above. Plaintiff entered the store for the purpose of making inquiries as to the flat for rent, Mrs. Burns remaining on the sidewalk outside. Plain-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

tiff saw no person in the store, and thinking that some one might be back of the partition walked towards the rear of the store, calling out as she advanced that she desired some one to wait upon her. Before she reached the partition she fell through an unguarded opening or stairway into the basement below and suffered the injuries complained of. A boy had been left in charge of the store, but at the time of the accident was out on the street. The defendant and several other witnesses for him testified that the ''For Rent'' sign was on the hall door. Plaintiff and Mrs. Burns, however, testified that the sign was either on the door of the store or on one of the two front windows of the store.

From a judgment for plaintiff for five hundred dollars, defendant appeals.

BENJAMIN P. RUEKBERG, for appellant.

ARCHIBALD A. McKINLEY and ARTHUR A. HOUSE, for appellee; LUTHER F. BINKLEY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 33*—*when owner of premises liable for injury to invitee.* Where a person, in response to a sign on the front of a store "Flat to Rent, Inquire Within," entered the store for the purpose of making inquiry and fell through an unguarded opening or stairway into the basement, it was *held* that the questions of negligence and contributory negligence were for the jury.

2. NEGLIGENCE, § 23*—*who are invitees.* One entering a store pursuant to sign "Flat to Rent, Inquire Within" for the purpose of making inquiry and falling through an unguarded opening or stairway into the basement is an invitee and not a mere licensee.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.