Dorothy Rasmussen, Appellee and Cross Appellant, v. National Tea Company, Appellant and Cross Appellee.

Gen. No. 40,840.

Heard in the first division of this court for the first district at the October term, 1939.

Opinion filed April 8, 1940.

COULTER & KELLY, of Chicago, for appellant; WILL A. KELLY, of Chicago, of counsel.

ANDALMAN & ARONS, of Chicago, for appellee; MAXWELL N. ANDALMAN, NORMAN H. ARONS and AVRUM N. ANDALMAN, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In an action in tort for personal injuries and upon trial by jury a verdict for plaintiff, with damages assessed at $700, was returned. February 17, 1939, motions of defendant for judgment *non obstante veredicto* and for a new trial were overruled and judgment entered for the sum of $500. The judgment order as first entered recites that plaintiff remitted $200 from the verdict. On March 8, 1939, less than 30 days from the entry of the judgment, on motion of plaintiff, that judgment order was amended to recite that the court remitted $200 from the verdict over the objection of plaintiff. Two days prior thereto, March 6, 1939, defendant served notice of appeal and proof of service was filed in the municipal court on March 7th. Plaintiff gave notice of a cross-appeal, and defendants on March 13, 1939, filed an appeal bond, which was on that date approved by the court.

The suit grew out of defendant's ownership and control of premises in Evanston, Cook county, Illinois, known as 1579 Maple street. There was a vacant storeroom in the building on these premises in which, by permission of the owner, rummage sales, so-called, were often held. On November 1, 1935, the Tri Deltas of the Northwestern University campus were allowed to take possession of this store for the purpose of arranging and holding such a sale. A sign announcing the sale to be held was displayed in the window on the premises, but the evidence indicates that no actual sales were made until the following day, which was November 2.

Plaintiff, who is married and the mother of five children whose ages range from 2 to 11 years, testified that November 1, 1935, the children having a day off from school, she was taking them to the Wieboldt store on Davis street in Evanston for the purpose of purchasing shoes. Maple street was on the way to the Wieboldt store, and as they passed the store in question plaintiff saw the notice of the rummage sale in the window. She left the baby in its carriage and with the other children went into the store (she says) to buy a play coat for the little girl. Plaintiff testified she walked up the steps into the store and inquired of one of the ladies about the kind of garment she wished to buy. As she came down the steps toward the baby carriage she did not see an iron projection from one of the steps. Her foot struck it, was twisted and she thrown forward and severely injured.

Mrs. Williams, one of the ladies who was at the store part of the day to help get ready for the sale, testified for defendant that some people came to the store but were not let in. She does not remember that she saw plaintiff there. She did not know that anything unusual happened on that day.

Mr. Hawkinson, defendant's manager, who gave permission to hold the sale, testified that he first heard of the accident on November 9.

There is no dispute that plaintiff fell and was injured nor claim that the judgment is excessive if plaintiff is actually entitled to recover.

Defendant contends for reversal because in two instructions the court told the jury in substance that other essential elements of liability having been proved, plaintiff was entitled to recover if ''she was lawfully upon the premises.'' It is said these instructions disregarded the theory on which plaintiff brought her suit, and the one issue of fact in the case, namely, as to whether plaintiff was a mere licensee or an invitee while upon the premises. Defendant cites *Deach v. Woolner Distilling Co.*, 187 Ill. App. 524, 525; and

*Peoria, B. & C. Traction Co. v. O'Connor,* 149 Ill. App. 598, 603, with other cases and says the court erred in not submitting to the jury this issue as to whether plaintiff was upon the premises as an invitee.

The testimony of plaintiff as to the circumstances under which she went upon the premises was not denied. The evidence is uncontradicted in that respect. She saw in the window the sign announcing a sale to be held. The sign read: "Rummage Sale—Saturday, November 2nd." There were no goods at that time in the window but the sign announcing the sale to be held amounted to an invitation to persons interested to enter upon the premises either for the purpose of purchasing or of ascertaining with certainty the goods which were to be on sale, etc. *McHugh v. Rubenstein,* 185 Ill. App. 235, is a case well illustrating this rule. As we have already said, the evidence was not disputed and there was no evidence tending to show plaintiff was either a trespasser or a licensee. The instructions were, therefore, as a matter of fact, more favorable to defendant than the law justified. Defendant cannot be heard to complain of such instructions. *Klinck v. Chicago C. Ry. Co.,* 262 Ill. 280, 298.

Neither can it be said that the evidence tending to show negligence of defendant is in doubt. Concrete steps led from the street to the door of this storeroom. These steps were in a state of disrepair which had apparently existed for a long time. From one of the steps the piece of old pipe projected. This pipe is clearly disclosed by a picture of the premises in evidence. The plaintiff plausibly contends that the step from which this pipe projected was a part of the public street. The building on the premises stood back about two feet from the main sidewalk. A strip of flagging at sidewalk level connected the main sidewalk and the building and ran along the entire front of it. The concrete step was maintained on this strip of flagging and connected the flagging and the sidewalk

with the platform above. The platform was located about the center of the building and fronted the building for a distance of about 25 to 30 feet and was of a width of between 4 and 5 feet. The flagging and step and the platform were intended for the common use of tenants, occupants, customers and visitors. These served four doors of the building, three of which led into stores on the premises and one to a flat upstairs. The step was raised above the level of the flagging and the sidewalk. In the front center of the platform was an iron column resting on a high beam which supported the upper floor. In front of and below this column and within the top of the step was a round hole about 6 inches across encircled by an iron ring or frame in which rested the remains of a tile drainpipe which was broken, its jagged points sticking up without protection of any kind. Plaintiff contends that this projection was on a part of the public way, and that defendant, therefore, cannot be heard to say that plaintiff was not invited to use it. Plaintiff cites *Tomle v. Hampton,* 129 Ill. 379, 383, and the contention is plausible but its determination is not necessary to a decision of the case.

As to cross errors, plaintiff claims the trial court was without authority to order a remittitur without her consent and over her objection. This contention must be sustained. To hold otherwise would be to trespass on plaintiff's right of trial by jury. Defendant, however, says the trial court erred in receiving and considering the affidavit of plaintiff's counsel and amending the judgment order so as to show that the remittitur was actually entered over plaintiff's objection. Less than 30 days had elapsed from the entry of the order. The court had power and authority to amend its judgment order irrespective of any affidavit. Laws of 1933, p. 678; Act of June 21, 1933; Smith-Hurd Ann. Stats., ch. 110. Historical note to sec. 94 of the act, sec. 218 of the statute. The judgment was in the

breast of the court until the expiration of 30 days from the date of its entry and the court had full power in the premises. The defendant says the affidavit filed by plaintiff's attorney may not be considered because it is not in the report of proceedings. This is no longer the law. Ill. Rev. Stat. 1939, ch. 110, sec. 74, par. 198 [Jones Ill. Stats. Ann. 104.074]; *Kelly v. Powers,* 303 Ill. App. 198, 201.

Plaintiff asks this court to enter judgment here for $700, the amount of the verdict. We are not aware of any power or authority conferred on this court so to do. If plaintiff will file a waiver of this error within 10 days the judgment for $500 will be affirmed. Otherwise, for the error argued by plaintiff, the judgment will be reversed and the cause remanded for another trial.

*Affirmed upon plaintiff filing waiver of cross-error within 10 days; otherwise reversed and remanded.*

O'CONNOR and McSURELY, JJ., concur.