Albert Andres, a Minor, by Dewey Andres, His Father and Next Friend; Dale Kinsel, a Minor, by Owen E. Kinsel, His Father and Next Friend; and John Hall, a Minor, by Oscar Hall, His Father and Next Friend, Plaintiffs-Appellees, v. Roberta Green; Laurace L. Molton; Robert J. Seus and Lee Tucker, Doing Business as Se-Us Supply Company, Defendants. Roberta Green, Defendant-Appellant.

Gen. No. 10,005.

Third District.

October 19, 1955.

Released for publication November 4, 1955.

C. E. Tate, of Champaign, for appellant Roberta Green.

Robert C. Summers, and Arthur J. B. Showalter, both of Champaign, for appellees.

MR. JUSTICE CARROLL delivered the opinion of the court.

This action was brought to recover damages for injuries sustained by plaintiffs due to the alleged negligence of the defendants in operating their automobiles.

A jury trial resulted in separate verdicts for each plaintiff against the two defendants jointly, as follows: for Dale Kinsel, $5,000; for Albert Andres, $10,000; for John Hall, $10,000. Both defendants filed motions for a new trial and in the alternative for judgment notwithstanding the verdict. As to plaintiff John Hall, the motion was overruled and judgment entered on the verdict. As to the other plaintiffs, the Court overruled the motion provided remittiturs were entered as follows: Albert Andres, $2,000; Dale Kinsel, $1,500. The remittiturs were entered and the Court thereupon entered judgments on the verdicts less the amount remitted by each plaintiff. Only the defendant Roberta Green has appealed and plaintiffs have filed a cross-appeal.

No questions are raised on the pleadings or as to the giving or refusing of instructions.

As ground for reversal the defendant contends that the trial court improperly refused to direct a verdict in her favor at the close of plaintiffs' evidence and at the close of all the evidence because the proximate cause of the collision in which plaintiffs were injured

was the negligence of her codefendant Laurace L. Molton; that she was not guilty of negligence and that plaintiffs were guilty of contributory negligence and that the verdicts were the result of passion and prejudice not cured by the remittiturs and were against the manifest weight of the evidence.

Cross-errors assigned by plaintiffs are that the trial court erred in refusing to direct a verdict for each of the plaintiffs at the close of the evidence; in ruling upon the admissibility of certain evidence, in refusing to enter judgment on the original verdicts and in ordering remittiturs to be entered.

Determination as to whether there is merit in defendant's contentions requires examination of the evidence produced upon the trial. The record reveals the collision occurred January 9, 1954 about 7:30 p. m. on a 2-lane paved highway known as Route 150 at a point about 3½ miles west of the City of Champaign and on the crest of a small hill; that the pavement was 18 feet wide and dry; that the weather was clear but cold; that at the place of the collision there was a 20-foot shoulder on the south side of the pavement; that Albert Andres, aged 19, was driving his car in a Westerly direction on the north side of the center line of the pavement at a speed of 45 miles per hour; that plaintiff Hall, 18 years, was riding in the front seat and plaintiff Kinsel, 19 years old and Donald Hyatt were in the rear seat; that the car of defendant Roberta Green was being driven east at a speed of about 50 miles per hour; that the defendant Laurace L. Molton was driving his car west behind the Andres car prior to the occurrence: that the point of collision was just west of an "End No Passing Zone" sign; that the Andres car was north of the center line of the pavement as it proceeded west; that the collision occurred in the westbound traffic lane; that the Andres car was at no time south of the center line; that no cars were travelling in front of or behind the Green car, and no cars were parked on the

378

south shoulder of the road opposite the point of collision.

The above facts do not appear to be in dispute. However, there is a sharp conflict in the testimony as to the position of the Molton car just prior to and at the time of the collision and as to whether the conduct of Molton in the operation of his car was such as to constitute the proximate cause of the accident. Plaintiff Andres testified that he first saw the lights of the Molton car through his rearview mirror when it was 5 or 6 car lengths back of him; that when he was about 60 feet from the point of collision he observed Molton "starting to pull out"; that he did not see the Molton car going around his car; that he first saw the Green car when it was 196 feet away; that it was then partly on the north side of the center line; that it suddenly went across the north traffic lane; and that the right side of the Green car came in contact with the front of his car. The other passengers in the Andres car testified that they did not see the Molton car at any time.

Defendant Molton testified that he was driving about 4 or 5 car lengths behind the Andres car; that he pulled out to see whether he could pass or not; that he saw there was going to be a collision between the Andres and Green cars; that his car did not strike either of these cars; that he turned to get behind the Andres car; that the Andres and Green cars collided in the north or right-hand traffic lane; that he then made a left turn to the shoulder, lost control of his car which then went across the pavement and hit a culvert west of the scene of the collision.

The defendant Green testified that as she came to the crest of the hill, she saw the Molton and Andres cars 125 feet away; that she saw two sets of headlights straight across from each other; that she started to slow down by applying her brakes; that the Molton car was pulling into her traffic lane to pass the Andres car; that she applied her brakes; that she was struck

379

by both cars; that the Andres car struck her first; that her car was on the pavement when struck and that she was excited when she saw the two cars coming up the hill.

Arthur Huff, passenger in the Green car, testified to seeing two pairs of headlights coming at the Green car; that he did not know how close they were when he saw them and that he did not know whether there was more than one impact.

Leslie Parker, Jr., another passenger in the Green car, testified that he saw the two headlights before the accident; that the Green car was travelling east but when he saw the headlights it was headed northeast; that he felt two impacts; that he felt the brakes being applied; and that the car then seemed to swerve to the left.

The foregoing is in substance the evidence which was before the jury upon the issue as to the cause of the accident.

█ In order to sustain defendant's argument that the trial court erred in refusing to direct a verdict in her favor, it must appear that upon consideration of all the evidence with all reasonable inferences therefrom, in its aspect most favorable to plaintiffs there is a total failure to prove any necessary element of plaintiffs' case. Heideman v. Kelsey, 414 Ill. 453; LeMay v. Jenkins, 6 Ill.App.2d 57.

The evidence discloses no dispute as to the fact that at the time of the collision the Andres car was being driven on its own side of the pavement. It is likewise conceded that the defendant's car came in contact with the Andres car on the north or plaintiff's side of the road. However, the defendant argues there is no evidence of any negligence on her part which was the proximate cause of the collision and the resulting injuries to plaintiffs. It is further contended that the proximate cause of the accident was the negligence of Molton in attempting to pass the Andres car on a hill

and of Andres negligence in continuing to drive his car without reducing its speed. Admitting that her car did cross to the left of the center line of the highway, defendant declares she did not drive it there but explains its presence on the wrong side of the road by saying that its position was caused by her being confronted with two cars abreast of each other leaving her no other place to go except to the left.

██ Driving a motor vehicle on the left side of the highway is not negligence as a matter of law. However, it may be negligence as a matter of fact depending upon the facts of the particular case. Chandler v. Gifford, 223 Ill. App. 486. In the instant case the testimony of the defendant to the fact that she met two cars side by side at the crest of a hill is contradicted by that of Molton and of Andres and the other occupants of his car who testified that the Molton car did not pass or attempt to pass the Andres car. It, therefore, cannot be said that there was a complete failure of proof by plaintiffs as to the necessary elements of negligence and contributory negligence. Accordingly, the question as to whether plaintiffs exercised due care and as to whether defendant was guilty of negligence in the operation of her car at the time and place of the collision and which was the proximate cause thereof was one of fact to be determined by the jury from a consideration of all the facts and circumstances in evidence. The fact that the jury in considering the evidence did not adopt defendant's theory as to how the accident occurred, would not be grounds for interfering with the verdict.

The trial court did not err in refusing to direct a verdict for defendant.

██ Likewise we are satisfied that the jury's determination of the fact questions in this case is not manifestly against the weight of the evidence and accordingly it may not be disturbed on that ground. Kahn v. James Burton Co., 5 Ill.2d 614.

381

The defendant claims the verdicts were so excessive as to indicate prejudice and passion on the part of the jury. The argument in support of such proposition fails to point out wherein the evidence as to the injuries sustained by the plaintiffs fails to justify the amounts awarded to each but appears to be based upon the alleged prejudicial conduct of their counsel. The conduct complained of by defendant is that plaintiff sought to inject insurance into the case by pointing out an insurance adjuster sitting in the courtroom and that plaintiffs' counsel indulged in unfair argument. The record shows that plaintiffs' counsel inquired of a witness as to the identity of the person who obtained the witness's signature to a statement offered by the defendant for impeachment purposes and asked if the witness could point out the man in the courtroom. An objection by defendant to this procedure was sustained. We fail to find in the record any mention by plaintiffs' counsel of the word "insurance" or anything indicating the presence of an insurance adjuster in the courtroom.

The unfair argument complained of was the statement of defendants' counsel that "some people would not go through that injury for any amount." An objection to this remark was sustained by the court.

In both instances defendant failed to move to withdraw a juror. By failing to do so defendant waived the right to complain of error in that regard. Wilson v. Hobrock, 344 Ill. App. 147; Lindroth v. Walgreen Co., 338 Ill. App. 364.

In arguing the excessiveness of the verdicts, defendant seems to place considerable reliance upon the fact that remittiturs were entered by two of the plaintiffs.

The rule is that a verdict for personal injuries will not be disturbed by a reviewing court unless so palpably excessive as to indicate the jury acted from some improper motive. Perrine v. Charles T. Bisch &

Son, 346 Ill. App. 321; Garner v. Burns Mid-Town, Inc., 346 Ill. App. 162.

■ The amount of the verdict in the instant case cannot be said to be of such magnitude as to show passion and prejudice on the part of the jury and the filing of the remittiturs indicates nothing to the contrary. In Fitzpatrick v. California & Hawaiian Sugar Refining Corp., Ltd., 309 Ill. App. 215, the court in speaking of the effect of a remittitur said "The fact that there was a remittitur of $2500.00 did not establish the fact that the verdict was the result of passion and prejudice. The practice of filing a remittitur is well established in this State and such a remittitur is not to be taken as a concession that the jury was actuated by passion or prejudice."

■ We have examined the evidence pertaining to plaintiffs' injuries and without detailing the same we deem it sufficient to say that it affords ample support for the verdicts as reduced by the remittiturs.

The trial court did not err in denying the defendants' motions for a new trial and for judgment notwithstanding the verdicts.

Plaintiffs' cross-appeal urges error by the trial court in refusing to enter judgment on the original verdicts and in entering an order granting a new trial if remittiturs were not made by plaintiffs Andres and Kinsel. Cross-errors assigned are that the court erred in overruling plaintiffs' motion for a directed verdict at the close of the evidence and in its rulings upon the admission of certain evidence. Plaintiffs suggest that this court should enter judgment on the cross-appeal for the plaintiffs Andres and Kinsel for the amounts of the original verdicts.

The defendant insists the cross-appeal cannot be maintained since plaintiffs having voluntarily entered remittiturs are not now in a position to complain of error by the trial court in not entering judgment in the amounts of the original verdicts.

383

■ Under the uniform and firmly established rule in this State the plaintiff is allowed to remit a part of the verdict in order to obviate the objection that the sum is excessive. The court, however, cannot compel the plaintiff to remit but may give him an election to do so or to have a new trial granted. Albin v. Kinney, 96 Ill. 214; Knight v. Seney, 290 Ill. 11; North Chicago St. R. Co. v. Wrixon, 150 Ill. 532.

■ The trial court in the order of which plaintiffs complain overruled defendants' motion for a new trial provided plaintiffs entered remittiturs in certain amounts, otherwise, the defendants' motion for a new trial was allowed. Thus the plaintiffs were given the option of remitting a portion of the verdicts or of having the case submitted to another jury. Plaintiffs elected to enter remittiturs. They were not compelled to do so. By entering remittiturs they acquiesced in the action of the trial court and having done so they are now without cause to complain. McCausland v. Wonderly, 56 Ill. 410; National Malleable Castings Co. v. Iroquois Steel & Iron Co., 333 Ill. 588.

If the trial court erred as claimed by plaintiffs, their acquiescence therein now bars their right to maintain their cross-appeal on such ground.

Holding as we do that plaintiffs cannot maintain their cross-appeal, any further consideration of the cross-errors assigned becomes unnecessary.

There appears to be no reversible error in this record and the judgments of the Circuit Court are affirmed.

Affirmed.