**Harold L. Jensen, Plaintiff-Appellee, v. Porter Richardson, Defendant-Appellant.**

Gen. No. 67–112.

Second District.

March 22, 1968.

James K. McLaughlin, of Chicago, and Dario A. Garibaldi, of Flossmoor, for appellant.

Anderson and Martenson, of Rockford, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Winnebago County. Plaintiff brought this action to recover for personal injuries occasioned by the negligence of defendant in driving his automobile. The accident occurred on February 4, 1966, in the City of Rockford. On April 24, 1967, the jury returned a verdict in favor of the plaintiff in the amount of $15,000, upon which verdict the court

entered judgment. After the jury verdict, the trial court denied defendant's post-trial motion seeking a new trial but did order a remittitur of $6,000 and entered judgment in favor of the plaintiff in the amount of $9,000. The plaintiff in open court agreed to the remittitur. The defendant stipulated to the liability so that the sole issue on appeal is whether the verdict and judgments were excessive and against the manifest weight of the evidence.

Harold E. Jensen, the plaintiff, testified that when his car was struck by defendant's, his chest hit the steering wheel and he immediately experienced pain in his neck and back. He was taken to Swedish-American Hospital where the doctor took x rays and generally examined him. Dr. Young gave him medication, advised him to put boards upon the mattress of his bed, prescribed baths and fitted him with a steel brace similar to a corset. Plaintiff consulted Dr. Behr, who, after examining and taking x rays of plaintiff, prescribed a brace similar to the one he was wearing and prescribed additional medication and baths. The plaintiff testified he still suffered sharp pains in his back at the time of the trial. He further testified that his condition caused him to be absent from work for 32 days from the date of the accident through October 15, 1966.

Plaintiff's wife testified that prior to the accident her husband had been in perfect health and very active in sports; and that since the accident he suffered back pain in doing any physical work and no longer participated in skiing, swimming, bowling, playing baseball or other sports activities.

Plaintiff's immediate supervisor at the garage where he works testified as to the physical exercise involved in the work duties performed by the plaintiff. He testified that prior to the accident the plaintiff had been very spry, gay and energetic. Since the accident he had slowed down, walked stiffly and had trouble opening hoods of the

239

automobiles. Plaintiff did not present any medical testimony concerning the extent of his injuries.

At the close of plaintiff's case the defense rested without presenting any evidence and stipulated that the instructions offered by the plaintiff should be given.

■ It is defendant's contention that since the injuries complained of are subjective and are not visually discernible to the jury, that medical testimony is required to establish them; that the testimony of the plaintiff, his wife and his employer was not sufficient to establish a soft tissue injury such as the whiplash type of injury that plaintiff complains of. The only cases cited by the defendant in support of his contention that medical testimony is essential are from jurisdictions other than Illinois. In the case of Palmer v. De Filippis, 321 Ill App 186 at 198, 53 NE2d 34, the court stated:

> "The law does not require that plaintiffs in every personal injury case produce a doctor to testify as to injuries alleged to have been sustained. Nor did defendants contend at the time of the introduction of the testimony in question that it was necessary for plaintiffs to produce medical experts to testify as to their injuries. It is customary for plaintiffs in injury cases to testify as to injuries they claim they received."

In Hyatt v. Cox, 57 Ill App2d 293, 206 NE2d 260, the plaintiff testified to injuries similar to those complained of by the plaintiff in this case. As here, there was no medical testimony offered by either party and the evidence of injury to the plaintiff was based solely on his own testimony. In that case, at page 299, the court stated:

> "Where the injury complained of is remote in time from the accident or the condition is one that is shrouded in controversy as to origin, such as the intervention of either a prior or subsequent injury

240

or disease, layman testimony may be insufficient to establish a prima facie showing of a causal relationship. The testimony here did not require an opinion calling for specialized, scientific or medical expertise. The plaintiff related plain statements of subjective symptoms and allegations of pain and suffering immediately following a truck-automobile collision, which the jury was free to accept or reject in the absence of any countervailing evidence, medical or otherwise."

■ ■ The assessment of damages is a jury function but it is for the trial judge to duly consider the evidence in the case before him and in a proper case where he considers the verdict excessive, to either enter a remittitur, as was done here, or to grant a new trial. The fact that the court did order a remittitur did not establish that the verdict was the result of passion and prejudice by the jury. Andres v. Green, 7 Ill App2d 375, 383, 129 NE2d 430; Fitzpatrick v. California & Hawaiian Sugar Refining Corp., Ltd., 309 Ill App 215, 223, 32 NE2d 990.

■ We conclude that the amount of the verdict as reduced by the remittitur in this case cannot be said to be of such magnitude as to show passion and prejudice on the part of the jury. De Biase v. Moza, 81 Ill App2d 162, 224 NE2d 596 (Abst.); Redmond v. Huppertz, 71 Ill App2d 254, 217 NE2d 85.

For the reasons stated, we find that the judgment of the Circuit Court of Winnebago County should be affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.