BARBARA J. ANDERSON, Plaintiff-Appellant, *v.* GREYHOUND LINES, INC. Defendant-Appellee.

(No. 75-12; ▮▮▮▮▮▮▮▮▮)

Second District (1st Division)—December 24, 1975.

Robert G. Coplan, of Connolly, Oliver, Goddard, Coplan & Close, of Rockford, for appellant.

William D. Knight, of Knight & Knight, of Rockford, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

A jury returned a verdict awarding damages to the plaintiff in the amount of $15,000 in an action to recover for personal injuries. Plaintiff consented to a remittitur of $7,500, reducing the judgment to $7,500. The trial court then denied defendant's post-trial motion for a new trial. Plaintiff appeals, contending that the original verdict was proper and that she is not precluded from raising the issue on appeal because she consented to the remittitur.

Supreme Court Rule 366(b)(2)(ii) (Ill. Rev. Stat. 1973, ch. 110A, par. 366(b)(2)(ii)), states as material here:

> "366. Powers of Reviewing Court; Scope of Review and Procedure; Lien of Judgment. * * * (b) *Scope of Review.* * * * (2) *Scope and Procedure on Review in Jury Cases.* In jury cases the following rules govern: * * * (ii) *Remittitur.* Consenting to a remittitur as a condition to the denial of a new trial does not preclude the consenting party from asserting on appeal that the amount of the verdict was proper. No cross appeal is required."

Plaintiff argues that this provision does not preclude either party from appealing after a remittitur has been entered. She argues that this is particularly evident because section 68.1(7) of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 68.1(7) which is the forerunner of Supreme Court Rule 366(b)(2)(ii) provided:

"68.1 * * * Effect of remittitur. * * * (7) A party who consents to a remittitur as a condition to the denial of a new trial is not thereby precluded from asserting, on appeal *by the opposite party*, that the amount of the verdict was proper. No cross appeal is required." (Emphasis added.)

She reasons that the omission in the present Supreme Court Rule of the italicized language, "by the opposite party" presumes a change in legislative purpose. See 34 Ill. L. & Pr. *Statutes* § 161 (1958).

We disagree. The plaintiff's analysis loses sight of both the meaning of a remittitur and the history of the sections in question. Supreme Court Rule 366(b)(2)(ii) is taken from former section 68.1(7), as the Committee Comments note, "without change of substance" (see Ill. Ann. Stat. ch. 110A, § 366(b)(2)(ii), Committee Comments, at 53 (Smith-Hurd 1975-76 Supp.)). Subsection (7) of section 68.1 was added to the Civil Practice Act by laws of 1955. The purpose of the addition as stated in the earlier Committee Comments was to make

"a very important change in appellate review of cases in which a remittitur has been entered by a party obtaining a verdict, a portion of which verdict the party has remitted in order to avoid the allowance of a new trial. * * * This contemplates that on an appeal by his opponent from the judgment, as reduced by a remittitur, the party who has remitted may obtain a restoration of the original judgment if in the opinion of the reviewing court the trial court was in error in allowing a new trial * * * or in threatening to allow a new trial * * *." (Ill. Ann. Stat. ch. 110, § 68.1(7), Committee Comments, at 34 (Smith-Hurd 1968).)

It is further noted in the Committee Comments that the purpose of the 1955 change was to avoid the results of the previous rule in Illinois law, that a remittitur is final and binding and that the party remitting could not, even though his opponent should appeal from the reduced judgment, obtain any ruling from the reviewing court on the issue of the propriety of the original verdict. See *e.g., Knowles Foundry & Machine Co. v. National Plate Glass Co.*, 301 Ill.App. 128, 170-171 (1939); *National Malleable Castings Co. v. Iroquois Steel and Iron Co.*, 333 Ill. 588, 602 (1929); see Ill. Ann. Stat. ch. 110, § 68.1(7), Committee Comments, at 34, 35 (Smith-Hurd 1968).

The change in the wording of the rule as it now appears in the Supreme Court Rules does not change the meaning or purpose of the provision. The rule still binds the plaintiff except when the party who has not waived his right to contest the verdict does so. A remittitur by definition

is "a remission to a defendant by a plaintiff of a portion of a verdict for damages considered excessive by  *   *   *  court." (Webster's Third New International Dictionary (1961).) It is a declaration by the *plaintiff.* (See Black's Law Dictionary (4th ed. 1951).) The "consenting party" to a remittitur is the plaintiff without whose consent the jury verdict may not be reduced, although a new trial may result if the plaintiff does not consent. (See *Baker v. Spaulding Women's Apparel, Inc.,* 83 Ill.App.2d 455, 228 N.E.2d 100 (1967).) The defendant is not the "consenting party" for he has no control over whether the remittitur is entered. Since he is therefore not precluded from appealing the verdict the earlier reference to the "opposite party" was probably considered redundant. The retention of the phrase, "No cross appeal is required," further indicates that the consenting party may raise an issue as to the verdict only upon another party's appeal.

In summary, the purpose of the 1955 amendment to section 68.1(7) of the Civil Practice Act, *i.e.,* to permit the plaintiff to again raise the issue of the jury verdict even though he has consented to a remittitur in the event the opposite party appeals the cause, is now satisfied by the language of present Supreme Court Rule 366(b)(2)(ii).

The defendant has not appealed and we therefore cannot review the sufficiency of the jury's verdict since the plaintiff has consented to the remittitur rather than to risk a new trial and has therefore waived her right to contest this issue.

We therefore affirm the judgment.

Affirmed.

GUILD and HALLETT, JJ., concur.