*In re* MARRIAGE OF SUSAN C. PETERSON, Petitioner-Appellee, and GARY J. PETERSON, Respondent-Appellant.

Third District    Nos. 79-961, 79-370 cons.

Opinion filed June 25, 1980.—Rehearing denied July 28, 1980.

Stuart R. Lefstein, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellant.

Peter H. Lousberg, of Rock Island, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

These appeals stem from certain proceedings before the circuit court of Rock Island County and which involved the comparatively recently enacted Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*). The circuit court entered an order dissolving the marriage of Susan C. Peterson and Gary J. Peterson on

January 18, 1978. Subsequent hearings were held on the matters of property distribution, maintenance, child support and the allowance of an award of attorney fees. An order was entered by the trial court regarding these matters on April 11, 1979. Gary Peterson, the respondent, being dissatisfied with much of the trial court's determination concerning these matters, attempts to appeal from the April 11 order.

An examination of the order in question discloses that it contains the following provisions:

"C. Child Support and Maintenance: Permanent child support and maintenance are reserved pending employment of the Petitioner. Pending final hearing on permanent child support and maintenance, Respondent shall pay $50.00 per week per child for child support and $100.00 per month maintenance, which payments shall be through the Clerk of the Circuit Court, Family Division, Rock Island County Courthouse, and Respondent shall pay all necessary medical and dental expenses for the minor children. For tax purposes, Respondent may claim the two minor children as exemptions.

D. * * *

E. Respondent shall pay the sum of $2,000.00 to Petitioner's attorney as and for attorney's fees, said sum to be paid within 90 days from the date of this Order. Final rulings on attorney's fees and costs are reserved pending final disposition of child support and maintenance."

■■ These provisions clearly reserve the determination of permanent child support, permanent maintenance and a final ruling on the allowance of attorney fees and costs. While the parties to these appeals may well desire that the April 11, 1979, order entered by the trial court be deemed as being final and appealable, we cannot grant unto it such a standing. It has long been the law that jurisdiction of the subject matter of an action cannot be conferred by stipulation or consent. (*Meyer v. Meyer* (1946), 328 Ill. App. 408, 66 N.E.2d 457; *Bratkovich v. Bratkovich* (1962), 34 Ill. App. 2d 122, 180 N.E.2d 716.) The question of the finality and appealability of judgments regarding questions of maintenance and property under the Illinois Marriage and Dissolution of Marriage Act has received the attention of the reviewing courts. (See *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284, and *In re Marriage of Lentz* (1979), 73 Ill. App. 3d 93, 391 N.E.2d 582, *aff'd* (1980), 79 Ill. 2d 400.) Our supreme court in *Lentz*, when considering a judgment order which reserved questions of maintenance and property division for future action and which did not contain language to the effect that there was no just reason for delaying enforcement or appeal, held as correct an appellate court ruling dismissing the appeal for lack of jurisdiction.

In view of the evidence adduced in the trial court, there should be permanent findings and rulings relating to the matters reserved by the trial court. The petitioner by virtue of further education was ready to embark upon a new career, and the success or lack of success of such venture would directly affect the distribution of marital property, child support, maintenance and the award of attorney fees.

■■ Notice of appeal from the order of April 11, 1979, was filed on May 10, 1979. On November 15, 1979, petitioner sought in the trial court an increase in maintenance and child support. The respondent counter-petitioned to decrease or eliminate maintenance. Both petitions were denied by the trial court and from this order of denial the petitioner, Susan Peterson, attempted to appeal, being this court's case No. 79-961. This latter case was consolidated with the May 10, 1979, appeal. Both appeals suffer from the same infirmity, to-wit, they were taken from a judgment of the circuit court which reserved, *inter alia*, the question of maintenance and which did not contain a finding that no just reason existed for delay of enforcement or appeal. We further question the jurisdiction of the trial court to entertain the petition and counterpetition filed in November 1979, where a previous notice of appeal had been filed in the same action and remained unresolved.

For the reasons stated we dismiss the appeals in cases Nos. 79-370 and 79-961.

Appeals dismissed.

BARRY and STOUDER, JJ., concur.