MICHAEL J. BRIANTE *et al.*, Plaintiffs-Appellees, v. JEFFREY LINK *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—88—0052

Opinion filed June 13, 1989.—Rehearing denied July 11, 1989.

D. Kendall Griffith and Joshua G. Vincent, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellants.

Edmund J. Scanlan, of Scanlan & Hartigan, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Defendants appeal from an itemized jury verdict of $700,000 in favor of the plaintiffs. The jury also found that the plaintiff's comparative fault was 50%, thereby reducing the award to $350,000. Defendants do not question the determination of liability and comparative fault.

It is undisputed that plaintiff sustained serious and permanent personal injuries as a result of the March 16, 1984, motor vehicle collision which gave rise to this action. Plaintiff was 50 years old and in good health at the time of the accident. He sustained comminuted fractures of the left tibia and fibula. A closed reduction under general anesthesia was performed at Northwestern Memorial Hospital. A long cast was applied. Plaintiff was given Tylenol and codeine to relieve his pain.

Plaintiff used a walker for several months, then his leg was recast and he used crutches. In November 1984, his leg was still unstable and the fracture was not healed so he was readmitted to Northwestern Memorial Hospital for bone graft surgery. In addition, two metal "ender" rods were inserted in the lower left leg to provide more stability. The cast was removed in July 1985.

Throughout his recovery, plaintiff complained of severe pain for which medication was prescribed. He still has pain and walks with a limp. His physical activities and lifestyle are restricted because of the injury.

Before the accident, plaintiff was employed as a service technician. Plaintiff presented expert evidence that the present value of his loss of income from the date of the accident until age 65 was $388,082. Defendants did not contest this evidence.

Plaintiff also presented evidence of medical bills in the sum of $15,763 and estimated future medical expenses of $6,000 to remove the rods, for a total of $21,763.

The total injury verdict was $700,000. It was itemized as follows:

| | |
|---|---:|
| Lost Income | $515,200 |
| Past and Future Medical Expenses | 56,000 |
| Disability and Disfigurement | 128,800 |
| **TOTAL** | **$700,000** |

Although the verdict form had a space for "Pain and Suffering," the jury did not award any amount for this element of damages.

Defendants do not dispute the award of $128,000 for disability and disfigurement. Nevertheless, they contend that the trial court erred in denying them the opportunity to present certain evidence that would question the extent of plaintiff's disability. Defendants complain that the amount awarded for lost income and the amount awarded for past and future medical bills are not supported by the evidence. Defendants seek a remittitur or, in the alternative, a new trial on damages.

Plaintiff did not file a cross-appeal from the jury's failure to award anything for pain and suffering.

## I

■ Defendants seek a remittitur or, in the alternative, a new trial on damages because the itemized verdict awarded plaintiff $515,200 for lost income. Defendants did not contest plaintiff's expert testimony that the present value of plaintiff's loss of income to age 65 was $388,082. However, defendants inquired about the annual reduction of that amount if the computation was made up to age 62. Plaintiff's expert responded that there would be a reduction of $25,666 per year, or a total of $77,000 for three years. Conversely, the jury would also conclude from this evidence that $25,666 could be added for each year beyond age 65. A reasonable inference from the evidence is that the jury added $127,118 on the theory that plaintiff would have worked to age 70.[1]

## II

■ The itemized verdict awarded $56,000 for medical expenses. Plaintiff's undisputed evidence showed that his past medical bills were $15,763.80 and that an additional sum of $6,000 would be incurred in the future to remove the ender rods, making a total of $21,763.80. Therefore, the award exceeds the expenses by $34,236.20.

Plaintiff justifies this excess on the theory that it represents the cost of future physical therapy. However, the record does not reveal evidence of a specific medical recommendation of a particular type of therapy and the cost and duration of the therapy. Since this type of damage is susceptible to medical opinion and mathematical computation, the additional award is not justified. *Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 452 N.E.2d 558, *appeal denied* (1983), 96 Ill. 2d 565.

We therefore conclude that the medical expense award should be reduced by $34,236.20. This reduces the total verdict from $700,000 to $665,763.80. With plaintiff's 50% comparative fault, the net verdict is reduced to $332,881.90.

## III

Defendants do not allege or assign any error as to the propriety of the award of $128,800 for plaintiff's disability and disfigurement.

---

[1]$25,666 per year for five years equals $128,330 additional loss of income from age 65 to age 70, making a total loss of $516,412 ($388,082 + $128,330).

James Maley was a claims specialist employed by CNA Insurance Company, which issued a liability insurance policy to defendant, Wallace Computer. He conducted settlement negotiations for defendants. He was not listed as a witness during pretrial discovery but was disclosed as a defense witness during the trial. Plaintiff moved to bar Mr. Maley from testifying. The motion was denied.

Defendants offered Maley's testimony of his observations of plaintiff's disability a week before trial. Since this would benefit Maley's employer, CNA Insurance, plaintiff advised the court that evidence that Maley is the employee of a company with a financial interest in the outcome of the case. The trial court ruled that if Maley testified beyond identifying photographs he took of plaintiff a week before trial, the court would allow plaintiff to cross-examine Maley regarding his employer and the employer's financial interest in the case.

Maley's testimony was restricted to identification of the photographs. No cross-examination was conducted and the issue of insurance never reached the jury.

■ Defendants now complain that they were forced to abandon testimony about the extent of plaintiff's disability. No offer of proof was made regarding what Maley would state. Defendants made a specific decision based on their trial strategy and, therefore, cannot complain at this time.

In addition, since no error is assigned as to the award for disability and disfigurement of the plaintiff, defendants cannot now complain that they were harmed because they did not present Maley's testimony regarding plaintiff's disability. See *Lee v. Grand Trunk Western R.R. Co.* (1986), 143 Ill. App. 3d 500, 492 N.E.2d 1364, *appeal denied* (1986), 112 Ill. 2d 577.

Accordingly, the judgment of the circuit court of Cook County is affirmed on the express condition that the plaintiffs enter a remittitur of $34,236.20 within 30 days from the date of this opinion. Upon the filing of such remittitur, the judgment will be affirmed; otherwise, the judgment will be reversed and the case remanded for a new trial on damages.

Judgment affirmed upon the filing of remittitur; otherwise, judgment reversed and cause remanded with directions.

HARTMAN and SCARIANO, JJ., concur.