DAVID HAID, Plaintiff-Appellant, v. WILLIAM F. TINGLE *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—90—0964

Opinion filed June 20, 1991.—Rehearing denied October 24, 1991.

Barsy, Joseph & Lichtenstein and Joseph & Myers, both of Chicago (Burton Joseph, Jack Joseph, and Michael P. Myers, of counsel), for appellant.

Richard J. Belmonte, of Chicago, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff appeals from the trial court's order of a remittitur of a portion of the jury verdict for plaintiff in a contract action for payment of architectural fees and expenses.

In February 1983, defendants engaged plaintiff, an architect, to design a medical office building to house their ophthalmology practice. Plaintiff drafted a written agreement in letter form, which defendants signed in May 1983. Pursuant to paragraph 14 of the agreement, plaintiff's fee was to be 10% of the total cost of construction. Paragraph 15 provided that, in the event of termination of the agreement by either party, plaintiff's fee would be based upon the time expended on the project, calculated at hourly rates of $75 for plaintiff's services

and $45 for the services of his staff. On August 29, 1983, following the receipt of several bids, defendants gave plaintiff written notice of their decision to terminate the agreement. In a letter dated August 30, 1983, plaintiff sent defendants a "final statement for Architectural services and reimbursable expenses." The amount of the statement was $25,572.70. Below the typed portion of the statement itemizing the charges, plaintiff handwrote the following:

"Arch. services based upon 80% of fee as calculated on 10% fee of lowest bid rec'd. This amount (80%) is conventional for the allocation of fees thru bidding—see A.I.A. [American Institute of Architects] form attached."

The AIA standard form agreement to which plaintiff referred contained a table of recommended percentages of compensation payable to an architect for each separate phase of the project, from the schematic design phase through the completion of construction. The percentage recommended for work through the bidding phase was 80%.

Defendants did not make payment on this statement. On September 29, 1983, plaintiff sent a second statement for fees and expenses, which was calculated on hourly rates of $75 for 177 hours of work by plaintiff and $45 for 838 hours of his staff's time, plus expenses. The total amount of the second billing statement was $53,818.70.

Plaintiff filed suit against defendants on October 12, 1983, for nonpayment of fees and expenses. Attached to the complaint were a copy of the written agreement, defendants' letter terminating the agreement, weekly time sheets of work performed by plaintiff and his staff, a copy of the lowest bid received for construction of the building, and the August 30 billing statement of $25,572.70. Defendants filed an answer, in which they asserted as affirmative defenses that (1) plaintiff had failed to provide them with a budget estimate of the project costs or obtain their approval before proceeding with the project, both of which were conditions precedent to their performance of the agreement; (2) plaintiff procured the agreement by fraud, in that he falsely and knowingly misrepresented the actual, final cost of the building; and (3) there was a mutual mistake of fact as to the actual, final cost of the building.

During jury deliberations, the jury sent a note to the trial judge asking whether, if they found in plaintiff's favor, they were limited to awarding either $25,572.70 or $53,818.70. A response was prepared, but the jurors completed their deliberations before it was delivered to them. The jury awarded plaintiff $53,818.70. Defendants filed a post-trial motion alternatively requesting judgment notwithstanding the verdict (judgment *n.o.v.*), a new trial or a remittitur reducing the

amount of the judgment to $25,572.70. Plaintiff filed a response in opposition to defendants' motion and a motion to amend the judgment to add prejudgment interest.

Following a hearing on the post-trial motions, the court determined that the jury verdict was excessive and that a remittitur of the excess was appropriate. The court then denied defendants' motion for judgment *n.o.v.* or a new trial "except to the extent of such remittitur," and denied plaintiff's motion for prejudgment interest. The written order prepared by plaintiff's counsel further recited that it was "a final order disposing of all controversies between all the parties [and] is entered without prejudice to the right of either party to appeal." On April 3, 1990, plaintiff filed a notice of appeal from the entry of the remittitur and the denial of his motion for prejudgment interest.

OPINION

We consider first defendants' contention that this court lacks jurisdiction to hear this appeal. Defendants argue that Illinois law is clear that a plaintiff who consents to a remittitur waives his right to appeal from the sufficiency of the judgment. Defendants maintain that plaintiff acquiesced to the order of remittitur and is therefore barred from appealing it.

■ A plaintiff has the right to a trial by jury on all issues, including damages. (*Augustine v. Kaufman* (1949), 338 Ill. App. 591, 88 N.E.2d 888; *Rasmussen v. National Tea Co.* (1940), 304 Ill. App. 353, 26 N.E.2d 523.) The assessment of damages is primarily a function of the jury (*Johanek v. Ringsby Truck Lines, Inc.* (1987), 157 Ill. App. 3d 140, 509 N.E.2d 1295; *McElroy v. Patton* (1970), 130 Ill. App. 2d 872, 265 N.E.2d 397), and the trial court ordinarily will not substitute its judgment for that of the jury (*Jensen v. Richardson* (1968), 93 Ill. App. 2d 237, 235 N.E.2d 397; *Roewe v. Lombardo* (1966), 76 Ill. App. 2d 164, 221 N.E.2d 521).

■ However, if, after considering all the evidence, the trial judge concludes that the jury verdict is excessive, the judge may not allow the verdict to stand but must act to correct the injustice; and the failure to do so is, itself, error. *Johanek*, 157 Ill. App. 3d 140; *Hedrich v. Borden Co.* (1968), 100 Ill. App. 2d 237, 241 N.E.2d 546; 15 Ill. L. & Prac. *Damages* §199 (1968); see also *Bucher v. Krause* (7th Cir. 1952), 200 F.2d 576, 586, paraphrasing the United States Supreme Court in *Arkansas Valley Land & Cattle Co. v. Mann* (1889), 130 U.S. 69, 32 L. Ed. 854, 9 S. Ct. 458 (it is hornbook law that it is as much the duty of the court, if it should clearly appear that the jury committed a gross error, or acted from improper motives, or have given excessive

damages in relation to the person or the injury, to interfere to prevent a wrong as in any other case).

■ One of the means by which a court can correct an excessive verdict is to order a remittitur. A remittitur is an agreement by the plaintiff to relinquish, or remit, to the defendant that portion of the jury's verdict which constitutes excessive damages (*Anderson v. Greyhound Lines, Inc.* (1975), 34 Ill. App. 3d 643, 339 N.E.2d 465; 15 Ill. L. & Prac. *Damages* §199 (1968)) and to accept the sum which has been judicially determined to be properly recoverable damages (*Bart v. Union Oil Co.* (1989), 185 Ill. App. 3d 64, 540 N.E.2d 770). The only alternative to a remittitur in a case where the verdict exceeds the damages properly proven (*Bart v. Union Oil*, 185 Ill. App. 3d 64, 540 N.E.2d 770; *Briante v. Link* (1989), 184 Ill. App. 3d 812, 540 N.E.2d 844), and/or where the verdict can be accounted on the sole basis that the jury acted from some improper motive (*Andres v. Green* (1955), 7 Ill. App. 2d 375, 129 N.E.2d 430), such as passion or prejudice (*McElroy v. Patton* (1970), 130 Ill. App. 2d 872, 265 N.E.2d 397), is for the trial judge to order a new trial (see *e.g., Albin v. Kinney* (1880), 96 Ill. 214; *Bart v. Union Oil*, 185 Ill. App. 3d 64, 540 N.E.2d 770; *McElroy v. Patton*, 130 Ill. App. 2d 872, 265 N.E.2d 397; *Barango v. Hedstrom Coal Co.* (1956), 12 Ill. App. 2d 118, 138 N.E.2d 829; *Andres*, 7 Ill. App. 2d 375, 129 N.E.2d 430; *Knowles Foundry & Machine Co. v. National Plate Glass Co.* (1939), 301 Ill. App. 128, 21 N.E.2d 913).

A remittitur is not an agreement between or among the parties (*Banks v. Chicago Grain Trimmers Association* (1968), 390 U.S. 459, 20 L. Ed. 2d 30, 88 S. Ct. 1140; *J.I. Case Co. v. McCartin-McAuliffe Plumbing & Heating, Inc.* (1987), 118 Ill. 2d 447, 516 N.E.2d 260 (requiring the consent of both parties would render remittiturs indistinguishable from voluntary settlements); *McElroy*, 130 Ill. App. 2d 872, 265 N.E.2d 397). Neither is a remittitur ordinarily to be interpreted as a concession by the plaintiff that the damages were excessive. *Jensen v. Richardson* (1968), 93 Ill. App. 2d 237, 235 N.E.2d 397; *Andres v. Green*, 7 Ill. App. 2d 375, 129 N.E.2d 430.

■ Although a trial court may refuse to enter judgment on a verdict unless a portion of the verdict is remitted, the court does not have the authority to reduce the damages by entry of a remittitur if the plaintiff objects or does not consent. Plaintiff's consent is essential. (*E.g., Foster v. Springfield Clinic* (1980), 88 Ill. App. 3d 459, 410 N.E.2d 604.) The trial court must afford the plaintiff the choice of agreeing or refusing to the entry of a remittitur, with the proviso that the plaintiff's refusal to agree to the entry of a remittitur will result

in the ordering of a new trial. These principles are firmly established in this State and have been enunciated in a multitude of decisions spanning well over 100 years. *E.g., McCausland v. Wonderly* (1870), 56 Ill. 410; *North Chicago Street R.R. Co. v. Wrixon* (1894), 150 Ill. 532; *Knight v. Seney* (1919), 290 Ill. 11, 124 N.E. 813; *National Malleable Castings Co. v. Iroquois Steel & Iron Co.* (1929), 333 Ill. 588, 165 N.E. 199; *McElroy v. Patton* (1970), 130 Ill. App. 2d 872, 265 N.E.2d 397; *Bart v. Union Oil*, 185 Ill. App. 3d 64, 540 N.E.2d 770; *Cash v. Beltmann North American Co.* (7th Cir. 1990), 900 F.2d 109.

◼ The ordering of remittitur in lieu of wholly setting aside an excessive jury verdict, affirmance of which would be erroneous, has consistently been acknowledged to be promotive of the ends of justice and the termination of litigation. (*E.g., McElroy*, 130 Ill. App. 2d 872, 265 N.E.2d 397.) Thus, it is essential to the proper conduct of a jury trial that the trial court possess the power to refuse to enter judgment on an unjust jury verdict, unless the plaintiff consents to remit the excess. *Libby, McNeil & Libby v. Scherman* (1892), 50 Ill. App. 123, *aff'd* (1893), 146 Ill. 540, 34 N.E. 801.

Prior to 1955, the Illinois rule had been that a remittitur was final and binding and that the party consenting to a remittitur could not have appellate review of whether the original verdict was, in fact, excessive, even if his opponent brought an appeal. *E.g., Knowles Foundry & Machine Co. v. National Plate Glass Co.* (1939), 301 Ill. App. 128, 21 N.E.2d 825.

In *Knowles*, the trial court concluded that the damages as computed by the jury were excessive and advised the plaintiff that the defendant's motion for a new trial would be granted unless the plaintiff remitted the excess. The plaintiff filed a "Consent to Remittitur" in which he waived objection to the reduction of damages but also purported to reserve his right, in the event of an appeal by the defendant, to assign the reduction of damages as cross error. The defendant thereafter appealed and the plaintiff cross-appealed, seeking reversal of the judgment entered and reinstatement of the original verdict. It was the plaintiff's position that he was entitled to a review of the court's order of a remittitur because his consent thereto was expressly qualified.

The *Knowles* court noted that the trial court had determined that defendant was entitled to a new trial and that the court had given the plaintiff the opportunity of obviating the necessity for a new trial by consenting to a remittitur of the excess damages. In dismissing the plaintiff's appeal, the court stated that by agreeing to the remittitur, the plaintiff could not contest the judgment entered on the reduced

verdict. The court reasoned that the plaintiff obtained a judgment which he would not have received had he not assented to the action of the court. That the plaintiff assented reluctantly, or under protest, did not, in the court's judgment, alter the fact that he assented and thereby became bound by his consent as reflected in the action of the court.

In 1955, section 68.1 (Ill. Rev. Stat. 1955, ch. 110, par. 68.1) was added to the Civil Practice Act. Subsection 7 provided:

"Effect of remittitur.

\* \* \*

A party who consents to a remittitur as a condition to the denial of a new trial is not thereby precluded from asserting, on appeal by the opposite party, that the amount of the verdict was proper. No cross appeal is required." (Ill. Rev. Stat. 1955, ch. 110, par. 68.1(7).)

The significance of the addition of this provision was discussed in the Joint Committee Comments as follows:

"This subsection makes a very important change in appellate review of cases in which a remittitur has been entered by a party obtaining a verdict, a portion of which verdict the party has remitted in order to avoid the allowance of a new trial. This subsection, which is entirely new, provides that without any cross appeal the party consenting to the remittitur is not precluded by his remittitur from asserting, on appeal by the opposite party, that the amount of the verdict was proper. This contemplates that on an appeal by his opponent from the judgment, as reduced by a remittitur, the party who has remitted may obtain a restoration of the original judgment if in the opinion of the reviewing court the trial court was in error in allowing a new trial unless the remittitur was entered, or in threatening to allow a new trial, with the result in either case that the party remitted part of his verdict.

\* \* \*

New subsection (7) now permits the entry of a remittitur, subject to its being opened up and the original assessment of damages being approved by the reviewing court, if the party against whom the reduced judgment is entered appeals." Ill. Ann. Stat., ch. 110, par. 68.1(7), Joint Committee Comments, at 34-35 (Smith-Hurd 1968).

Subsection (b)(2)(ii) of Supreme Court Rule 366 (50 Ill. 2d R. 366(b)(2)(ii)) replaced former section 68.1 of the Civil Practice Act. The rule provides in pertinent part:

"Consenting to a remittitur as a condition to the denial of a new trial does not preclude the consenting party from asserting on appeal that the amount of the verdict was proper. No cross appeal is required." 50 Ill. 2d R. 366(b)(2)(ii).

In *Anderson v. Greyhound Lines, Inc.* (1975), 34 Ill. App. 3d 643, 339 N.E.2d 465, the plaintiff brought an appeal seeking reversal of the judgment reduced by her remittitur and restoration of the original jury verdict. The plaintiff premised her entitlement to appeal on the omission from Rule 366 of the language "on appeal by the opposite party," which was contained in former section 68.1(7). It was the plaintiff's position that the omission indicated a change in legislative purpose, *i.e.*, to allow parties who have remitted a portion of a jury verdict to appeal from the reduced judgment irrespective of whether "the opposite party" institutes an appeal. The *Anderson* court disagreed, noting that the Committee Comments following Rule 366 state that the above-quoted subsection was taken from former section 68.1(7) "without change of substance." Quoting also from the passage of the Joint Committee Comments set out above, the court stated that the change in Rule 366 of the language of former section 68.1(7) of the Civil Practice Act did not change the meaning or purpose of the provision. The court held that Rule 366 still binds the plaintiff to the entry of a remittitur except where the opposing party brings an appeal contesting the judgment. Thus, because the plaintiff in *Anderson* consented to a remittitur rather than risk a new trial, and because the defendant did not appeal, the *Anderson* court ruled that it lacked the authority to review the propriety of the jury verdict.

In the instant case, plaintiff advances several arguments in response to defendants' contention that this appeal should be dismissed because an order of remittitur is not appealable. Plaintiff asserts that although the action taken by the trial court is referred to as a remittitur, it was not a "true remittitur" but, rather, an erroneous amendment of the judgment; that even assuming a remittitur was entered, it was entered improperly because he did not consent to a remittitur; that the order entered specifically reserved the right of either party to appeal; that defendants did, in fact, appeal; and that Illinois law no longer bars appeals from judgments reduced by remittiturs.

A review of the transcript of the hearing on post-trial motions reveals that following arguments by counsel, the trial court found that the August 30, 1983, bill, which was captioned "final statement for Architectural services and reimbursable expenses," and which included plaintiff's handwritten notation that the amount was computed in accord with American Institute of Architects recommendations,

was not, as plaintiff argued, merely an offer of settlement. Rather, the court stated, plaintiff had "in fact, set out that this was a fair and reasonable amount" for his services. The court also noted that the jury verdict of $53,818.70 for services rendered by plaintiff through the bidding phase of the project was more than twice as much as plaintiff would have received under the contract had the building been constructed. The court characterized the verdict as a penalty to defendants for terminating the contract, and a "windfall" to plaintiff. The trial judge then stated:

"[T]he Court is ordering a remittitur to the amount of the bill that was submitted on August the 30th, 1983 [$25,572.70]."

The court further stated:

"And of course, the remittitur need not be accepted by plaintiff here, but instead he may *** elect to take a [new] trial and he can *** take time to consider that."

Counsel for plaintiff then requested a ruling "on plaintiff's motion for statutory interest *** on the remitted amount." The motion for pre-judgment interest was denied. That same day, plaintiff's attorney drafted an order reflecting the trial judge's rulings denying plaintiff's motion for prejudgment interest, ordering a remittitur reducing the judgment to $25,572.70 plus costs, and denying defendants' motions for judgment *n.o.v.* or a new trial, "except to the extent of such remittitur." Plaintiff thereafter filed a notice of appeal in which he sought review and reversal of the court's order of remittitur and rein-statement of the jury's verdict.

▮▮ The record makes clear that the trial judge ruled that, based upon the evidence presented, the jury's award of more than $53,000 was not a properly recoverable amount of damages and, therefore, or-dered that plaintiff either remit the amount determined by the court to be excessive or submit the matter for retrial. Thus, contrary to plaintiff's assertion that this case does not involve a "true remitti-tur," we believe that the record before us presents a classic example of the long-standing practice of ordering remittiturs to correct jury verdicts judicially determined to be excessive.

▮▮ We turn then to plaintiff's contention that assuming that the order in this case was an order of remittitur, under Supreme Court Rule 366(b)(2)(ii) a plaintiff is no longer barred from appealing a judg-ment reduced by a remittitur. Plaintiff acknowledges the existence of the decision in *Anderson v. Greyhound Lines, Inc.* (1975), 34 Ill. App. 3d 643, 339 N.E.2d 465, holding that a party who consents to a remit-titur is bound thereby and is precluded from appealing the entry of the remittitur unless the opposing party appeals from the judgment.

Plaintiff, however, urges us not to follow *Anderson*, arguing alternatively that it is inapplicable to the facts of this case or, if applicable, is wrongly decided. However, plaintiff cites no authority which contradicts the holding in *Anderson* and we have found none. To the contrary, as observed in *Anderson*, it is stated in the Committee Comments following Rule 366 that the provision was taken from former section 68.1(7) of the Civil Practice Act "without change of substance." As noted earlier, section 68.1(7) itself liberalized the law which, as discussed in *Knowles Foundry & Machine Co. v. National Plate Glass Co.* (1939), 301 Ill. App. 128, 21 N.E.2d 825, had previously precluded a remitting party from obtaining review of the reduced judgment even if the opposing party brought an appeal. Now, section 68.1(7) and its successor, Rule 366 (b)(2)(ii), permit a party to raise the issue of the remittitur, without filing a formal cross-appeal, but only if the opposing party brings an appeal from the judgment.

■ In this case, it was plaintiff who initiated the appeal from the order of remittitur. Defendants thereafter filed a cross-appeal, but the only issue independently raised by them is whether plaintiff's appeal should be dismissed. The remainder of the arguments in their brief are merely responses to the arguments made by plaintiff in support of his appeal from the order of remittitur. Defendants' cross-appeal does not constitute the bringing of an appeal by the opposing party from the judgment as contemplated by section 68.1(7) or Rule 366.

Plaintiff additionally argues, however, that the holding in *Anderson* does not apply because he did not consent to reduction of the verdict by remittitur, and because the order in this case expressly provided that it was "without prejudice to the right of either party to appeal." As the transcript reveals, the court explicitly advised plaintiff that he was not obliged to remit that portion of the damages found by the court to be excessive, but could, instead, elect to have the case retried. While it is true that the record contains no express, affirmative response by plaintiff agreeing to the entry of a remittitur, neither do we find any expression of refusal by plaintiff to accept the remittitur.

■ As the authorities we have cited emphasize, a plaintiff's consent to a remittitur is essential. However, it is equally well settled that the consequence of a plaintiff's refusal to permit the court to correct an unjust jury verdict by agreeing to a remittitur is the ordering of a new trial. If a plaintiff refuses or fails to consent to entry of a remittitur and also opposes the ordering of a new trial, he may file a petition for leave to appeal from the order granting a new trial under Supreme Court Rule 306 within 30 days after entry of the order. But,

these are the only options available to a plaintiff in a case where the trial court refuses to enter judgment on a jury verdict based on the court's determination that the verdict is excessive.

Further, the right to appeal is governed by statute and may be exercised only within the limits prescribed by statute. (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371; *People ex rel. Department of Human Rights v. Arlington Park Race Track Corp.* (1984), 122 Ill. App. 3d 517, 461 N.E.2d 505; see *Rasmussen v. National Tea Co.* (1940), 304 Ill. App. 353, 56 N.E.2d 523 (appellate court lacks power to reinstate a jury verdict reduced by a remittitur to which plaintiff did not consent).) Where a court does not have authority to review a matter or grant the particular relief requested, such authority cannot be conferred by agreement or stipulation of the parties (*Arlington Park Race Track*, 122 Ill. App. 3d 517; *In re Marriage of Peterson* (1980), 85 Ill. App. 3d 520, 406 N.E.2d 934). Thus, the language in the order providing that it is without prejudice to the right of either party to appeal cannot create a right not otherwise granted to a plaintiff to appeal from an order of remittitur.

Because the record does not conclusively show that plaintiff consented to the remittitur, we resolve the issue pursuant to the authority granted us under Supreme Court Rule 366(a)(5) (107 Ill. 2d R. 366(a)(5)). We will affirm the judgment of the trial court awarding plaintiff damages in the reduced sum of $25,572.70 on the condition that within 30 days from the date of filing of this opinion, plaintiff files a consent to the remittitur with the clerk of this court. Upon the filing of such remittitur, the judgment is affirmed. In the event such consent is not filed within 30 days, the judgment is reversed and the case is remanded for a new trial on the issue of damages.

Reversed and remanded.

JIGANTI, P.J., and LINN, J., concur.